## Igal L. BROWN

v.

## NATIONAL RAILROAD PASSENGER CORPORATION t/a Amtrak.

### Civ. No. B–89–1920.

United States District Court,
D. Maryland.

Dec. 1, 1989.

---

Irving Schwartzman and Roger J. Greezicki, Baltimore, Md., for plaintiff.

Mark J. Daneker and David B. Goldstein, Baltimore, Md., for defendant.

WALTER E. BLACK, Jr., District Judge.

Pending before the Court is plaintiff's Opposition to Notice of Removal, which the Court shall treat as a Motion to Remand.

Plaintiff filed a Complaint in the Circuit Court for Baltimore City under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* alleging that defendant National Railroad Passenger Corporation's (hereinafter "Amtrak") negligence or recklessness caused him injuries while he was working as an employee for Amtrak. Defendant filed a Notice of Removal in this Court.

Plaintiff asserts that Amtrak is barred from removing this action by 28 U.S.C. § 1445(a), which provides in pertinent part that "[a] civil action in any State court against a railroad ... arising under sections 51–60 of Title 45, may not be removed to any district court of the United States." The Court agrees.

Defendant argues that since Amtrak is a federally chartered corporation in which the United States owns more than one-half of the corporation's stock, federal question jurisdiction exists under 28 U.S.C. §§ 1349 and 1331, *see Harvey v. National Railroad Passenger Corp. (In re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation),* 680 F.Supp. 728 (D.Md. 1987), and that therefore removal is proper under 28 U.S.C. § 1441(a).

Defendant's argument is off track for two reasons. First, federal question jurisdiction exists in an action arising under FELA whether or not the railroad company is a federally chartered or private corporation. 45 U.S.C. § 56 provides that federal and state courts shall have concurrent jurisdiction over FELA actions. The *Harvey* decision focuses on §§ 1349 and 1331 because the complainants' actions did not arise under FELA; apparently, the actions were brought by passengers as a result of an accident between two trains.

Second, § 1445(a) prohibits removal even though there is diversity of citizenship or the action involves a federal question. *Loftus v. The Delaware and Hudson Railroad Corp.,* 122 F.Supp. 829 (M.D.Pa.1954) (citing *Great Northern Railway Co. v. Al-*

exander, *Administrator of Hall*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918)); *see also* 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3729 at 487–88 (2d ed. 1985). If plaintiff had filed suit in this Court, this Court would have had federal question jurisdiction; however, where plaintiff files in state court, as he did here, § 1445(a) prohibits removal of the case to federal court.

For all the foregoing reasons, plaintiff's Opposition to Notice of Removal, being treated as a Motion to Remand, is granted, and the Court will enter a formal order in accordance with this opinion.

### ORDER

Presently pending in the above-captioned case is plaintiff's Opposition to Notice of Removal (Paper 8), which the Court has treated as a Motion to Remand. The issues raised by this motion has been fully briefed, and the Court has had the benefit of oral argument at a hearing held on November 29, 1989.

In accordance with the Court's written opinion, IT IS, this 1st day of December, 1989, by the United States District Court for the District of Maryland,

ORDERED:

(1) That plaintiff's Opposition to Notice of Removal (Paper 8), being treated as a Motion to Remand, BE, and the same hereby IS, GRANTED;

(2) That further proceedings in this case BE, and the same hereby ARE, REMANDED to the Circuit Court for Baltimore City.