Nicolaos IKOSPENTAKIS,
Plaintiff–Appellee,

v.

THALASSIC STEAMSHIP AGENCY
and Kyriakos Zervos,
Defendants–Appellants.

No. 90–3019.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1990.

E. Carroll Rogers, Robert H. Murphy, Kenneth J. Servay, and Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler &

Sarpy, New Orleans, La., for defendants-appellants.

Robert H. Murphy, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for intervenor, Tharros Shipping Co.

Darryl J. Tschirn and David R. Paddison, Metairie, La., for plaintiff-appellee.

Peter L. Hilbert, Jr., and Kathleen K. Charvet, New Orleans, La., for Universal Shipping.

Before GARZA, JOLLY, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

A Greek seaman injured aboard a Greek vessel that happened to be anchored in the Mississippi River in Louisiana filed a Jones Act and maritime negligence suit in federal district court. He named ten defendants, including two alleged Louisiana corporations, an alleged U.S. citizen, a foreign citizen, the vessel, a foreign insurer and four foreign corporations allegedly doing business in Louisiana. Among those defendants were the appellants Thalassic Steamship Agency, a Panamanian corporation with its sole place of business in Greece, which managed the vessel and acted as the owner's agent, and Kyriakos Zervos, a Greek citizen who was president of Thalassic. Over the next few months, the plaintiff added more defendants, but then, in stages, dismissed all of the defendants except Thalassic and Zervos. At a pretrial conference in December 1989, plaintiff's counsel indicated his intention to voluntarily dismiss his federal court suit without prejudice and to proceed in state court against Zervos and Thalassic only. The defendants objected to any such dismissal and within hours filed a motion to dismiss for *forum non conveniens*. Plaintiff immediately filed his motion to dismiss, pursuant to Fed.R.Civ.P. 41(a)(2), without prejudice to his right to proceed in state court.

The district court granted plaintiff's motion and initially dismissed the defendants' motion as moot. Upon reconsideration, the court acknowledged defendants' argument that Louisiana courts do not enforce the maritime doctrine of *forum non conveniens* in Jones Act cases, but he denied the motion anyway. The court held that the *forum non conveniens* motion was untimely presented. Thalassic and Zervos, desirous of avoiding suit in Louisiana state court, have appealed.

DISCUSSION

Thalassic and Zervos argue that they will suffer clear "legal prejudice" from the district court's approval of a voluntary dismissal, because Louisiana state court does not recognize their *forum non conveniens* defense. They also contest the court's finding of untimeliness. The issues raised by appellants are so interrelated that they are difficult to discuss in a particular logical progression. We choose to address them in the following order: the standards for reviewing a district court's grant of voluntary dismissal without prejudice; whether clear legal prejudice was inflicted upon appellants by a dismissal that effectively deprived them of a *forum non conveniens* defense; and whether the district court correctly refused to recognize that defense as untimely asserted.

A district court's decision to grant a voluntary dismissal without prejudice may only be overturned for abuse of discretion. The primary purpose in entrusting dismissal to the supervision of the court under Rule 41(a)(2) is to protect the nonmovant from unfair treatment.[1] Generally, courts approve such dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 165 (1971); *see also Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). A plaintiff's voluntary dismissal may substantially prejudice the defendant if it effectively strips him of a defense that would otherwise be available.

---

1. By contrast, pursuant to Rule 41(a)(1)(i), a plaintiff may dismiss without leave of court by filing a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment.

That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976).[2]

■ The seminal case in this circuit discussing when clear legal prejudice to a defendant bars an involuntary dismissal without prejudice is *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989). In that case, the plaintiff's personal injury suit was transferred from Texas to Louisiana federal court, where a statute of limitations defense was available on the face of the complaint. Plaintiff vigorously objected to the trial court's grant of summary judgment for the defendants, arguing that the court should have permitted him to dismiss voluntarily without prejudice and re-file in Texas or Mississippi because of their longer limitations periods. The court held that a grant of involuntary dismissal would result in clear legal prejudice to the defendant because "in the second lawsuit ... the defendant would be stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding." *Phillips*, 874 F.2d at 987.

The parties here dispute whether *forum non conveniens* was a defense that was absolutely stripped from appellants. Ikospentakis asserts that the analogy to *Phillips* fails for two reasons: the grant or denial of the appellants' *forum non conveniens* motion was discretionary rather than a matter of right held by the appellants, and that motion was untimely asserted. Appellants have the better of this argument.

That the defense is available to Thalassic and Zervos and that it would be "stripped" from them in Louisiana state court, albeit in violation of the constitution's supremacy clause, are equally certain propositions. This court has recognized that *forum non conveniens* is a "characteristic feature" of maritime law, tracing its history back to the earliest decisions of the federal courts. *See Exxon Corp. v. Chick Kam Choo*, 817

F.2d 307, 320 (5th Cir.1987), *rev'd on other grounds*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988); *Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374 (5th Cir.1988). The modern exposition of the doctrine appears in an admiralty case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The doctrine contributes to comity among sovereign nations that confront trans-national maritime disputes. *See Exxon Corp. v. Chick Kam Choo*, 817 F.2d at 321–324. Notwithstanding the importance of this doctrine in federal maritime law, Louisiana's legislature and Supreme Court have unequivocally rejected it. A recently passed statute prohibits Louisiana courts from dismissing Jones Act or maritime cases on *forum non conveniens* grounds as follows:

Art. 123. *Forum non conveniens*

B. Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omissions originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription, provided that a suit on the same cause of action is commenced in a court of competent jurisdiction within sixty days from the rendition of the judgment of dismissal.

---

2. See *Manshack v. Southern Electric Power Co.*, 915 F.2d 172, 172–175 (5th Cir.1990) (holding that defendants do not suffer clear legal prejudice from a district court's grant of plaintiffs' ex

parte motion for voluntary dismissal where the same choice of law principles would apply regardless of the court in which plaintiffs brought their action).

C. *The provisions of Paragraph B shall not apply to claims brought pursuant to 46 U.S.C. § 688 or federal maritime law.*

La.Code Civ.Proc.Ann. art. 123(B) and (C) (West 1988) (emphasis added). The state Supreme Court has squarely rejected the application of federal *forum non conveniens* law in a maritime case pending in state court. *Markzannes v. Bermuda Star Line, Inc.*, 545 So.2d 537 (La.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 837, 107 L.Ed.2d 832 (1990). On the face of it, then, there can be little doubt that these appellants have access to a *forum non conveniens* defense in federal court that is not presently recognized in Louisiana state courts. This result-changing effect of the district court's approval of a dismissal without prejudice appears to fall squarely within the *Phillips* rationale.

Ikospentakis musters only two challenges to this conclusion. First, he suggests that the mere availability of a *forum non conveniens* defense does not mean that appellants were entitled to such a dismissal, for the doctrine may rest upon contested facts and the district court's exercise of discretion in deciding whether to dismiss. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. at 501, 67 S.Ct. at 839; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (citing analytical factors); *see also In re Air Crash Disaster Near New Orleans, La.* on July 9, 1982, 821 F.2d 1147 (5th Cir.1987), *vacated in part on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez,* — U.S. ——, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). It is true that in *Phillips* the allegations supporting the statute of limitations defense appeared on the face of plaintiff's complaint. It is also true that issue was never directly joined in the district court on appellants' motion to dismiss for *forum non conveniens*, because Ikospentakis did not respond to the motion on the merits and the district court thought it did not need to do so. However, the facts pleaded by the appellants, together with their supporting affidavit, appear to be largely incontrovertible and seem to estab-lish a classic case for the application of *forum non conveniens*. It is not at all unusual that a case such as this, involving a foreign plaintiff and foreign defendants, a foreign vessel with foreign owners, a merely transient connection to the domestic forum, and a possible foreign court (Greek or Cypriot) that has been held adequate to protect the foreign seaman's interest, should be transferred under that doctrine. *See Volyrakis v. M/V Isabelle*, 668 F.2d 863 (5th Cir.1982), *rev'd on other grounds, In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir.1987); *see also Camejo*, 838 F.2d at 1374. But whether appellants can sustain this defense beyond the shadow of a doubt in federal court is not the point of the inquiry concerning legal prejudice, although that circumstance made the decision in *Phillips* relatively easy. The point of the inquiry, rather, is that appellants' invocation of *forum non conveniens* is far from frivolous, and that if appellants are relegated to litigating in the Louisiana state courts, they will not even have the opportunity to pursue a *forum non conveniens* dismissal. They will be stripped of the defense entirely.

Ikospentakis's further argument that appellants raised their motion for *forum non conveniens* too late in the litigation to merit a discretionary dismissal is simply specious. We cannot be sure whether Ikospentakis deliberately orchestrated his joinder and dismissal of numerous other domestic and foreign defendants to undermine the position of these appellants'—the target defendants'—defense of *forum non conveniens*. Nevertheless, his amoeba-like process of joining and dismissing other defendants placed these foreign appellants in a difficult position. A threshold inquiry in a motion that urges *forum non conveniens* dismissal is whether an adequate alternative forum exists as to *all* defendants. *In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d at 1164–65. Given this requirement, and the existence of some domestic defendants throughout the litigation, the viability of a *forum non conveniens* defense was slim.

Appellants filed their motion, however, as soon as Ikospentakis notified the district court that he planned to dismiss all other remaining defendants and to pursue only these appellants in the state forum. Their timing can hardly be considered dilatory when Ikospentakis alone controlled the joinder and dismissal of other, non-foreign defendants.

Because *forum non conveniens* was a defense solely available to these appellants in the federal forum, and because they did not waive that defense by its untimely assertion, the district court saddled them with clear legal prejudice by permitting a voluntary dismissal that allowed Ikospentakis to rejoin these defendants in a Louisiana state court case. The court thus abused its discretion in permitting the dismissal, and that action must be vacated. On remand, the court will address the appellants' *forum non conveniens* defense before proceeding further.

There is some irony in our conclusion. Our court has previously determined that a federal maritime defense of *forum non conveniens* is constitutionally supreme in a maritime or Jones Act case over state laws that do not recognize this doctrine. *Exxon Corp. v. Chick Kam Choo*, 817 F.2d at 307 (decision reversed on other grounds).[3] We endorse that holding again. Louisiana courts have definitely refused to recognize this ruling. *Markzannes*, 545 So.2d at 537. If there were any ambiguity in Louisiana's law, we would be inclined to enforce *Chick Kam Choo* rigorously and hold that there was no "plain legal prejudice" suffered by these appellants, because Louisiana courts must recognize the preemptive force of the federal *forum non conveniens* doctrine in this seaman's case. At some point, Louisiana must bend to the federal courts' construction of federal law.[4] However, to insist that these foreign appellants become guinea pigs in an effort to overturn Louisi-

ana's erroneous rule would blink at reality and would needlessly subject them to considerable expense as well as legal prejudice for the sake of vindicating principle. We need not reach such an unjust result.

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent herewith.

**3.** The Supreme Court, while reversing the case on other grounds, lent some force to this conclusion: "it may be that respondents' reading of the preemptive force of federal maritime *forum non conveniens* determinations is correct." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 1691, 100 L.Ed.2d 127 (1988).

**4.** The district court was authorized to attach conditions to his dismissal for the defendants' protection. *See* Fed.R.Civ.P. 41(a)(2) (dismissal

may be on "such terms and conditions as the court deems proper."). The trial court could have conditioned dismissal or its ruling that the federal maritime doctrine of *forum non conveniens* applied to this case and that if the state courts refused to apply it, the dismissal would be rescinded. *See McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir.1985). He did not exercise his discretion this way, however, and we must take the case as we find it.