580 So.2d 1091 (1991)
William R. MILLER, Sr.
v.
AMERICAN DREDGING COMPANY.
No. 90-CA-2175.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
Thomas J. Wagner, Whitney L. Cole, Wagner & Bagot, New Orleans, for defendant/appellee.
Timothy J. Falcon, New Orleans, for plaintiff/appellant.
Before KLEES, LOBRANO and WARD, JJ.
LOBRANO, Judge.
The issue in this litigation is whether the federal maritime defense of "forum non conveniens" is applicable to this Jones Act claim filed in state court.
William R. Miller, plaintiff, is a resident of Mississippi. In August of 1987 he travelled to Pennsylvania seeking employment. He joined the Union of Operating Engineers, Local 25 in Philadelphia. He was hired by American Dredging Company (ADC), a Pennsylvania Corporation to work on the tug "John R". On or about December 12, 1987, while aboard that vessel navigating the Delaware River, Miller was injured.
*1092 Initially he was treated at the Sacred Heart Medical Center in Chester, Pennsylvania. He received additional treatment at the Hospital for Joint Diseases Orthopedic Institute located in New York. In February, 1988 Miller returned to Mississippi where he has been treated by various doctors along the Mississippi Gulf Coast.
ADC's principal office is in Camden, New Jersey. Although ADC is licensed to do business in Louisiana, the tug "John R" has never navigated Louisiana waters.
Miller filed the instant Jones Act and General Maritime Claim in the Civil District Court for the Parish of Orleans. Service was perfected on ADC's registered agent. In response ADC filed exceptions of lack of in personam jurisdiction and forum non conveniens.
The trial court denied ADC's exception to the jurisdiction but granted the forum non conveniens exception. The court dismissed Miller's suit "subject to the right of plaintiff to pursue this claim in a court of competent jurisdiction in Pennsylvania." The trial court reasoned that state courts must apply the forum non conveniens rule of the general maritime law in this maritime proceeding instituted in state court. Miller perfects this appeal.
The forum non conveniens defense is a characteristic feature of the general maritime law. Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176 (5th Cir.1990). In Exxon Corp. v. Chick Kam Choo, 817 F.2d 307 (5th Cir.1987), rev'd on other grounds, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), the U.S. Fifth Circuit stated:
"Under the federal uniformity doctrine state courts must apply the forum non conveniens rule of the general maritime law in any case brought before them by citizens of foreign lands over which the federal courts would have admiralty jurisdiction. State law inconsistent with that doctrine cannot be applied in a maritime defense." Id. at 324.
Despite this clear federal jurisprudence, Miller argues that the trial court erred. In support, he cites Code of Civil Procedure Article 123, and our Supreme Court's "per curiam" opinion in Markzannes v. The Bermuda Star Line, 545 So.2d 537 (La.1989).
In Markzannes, this Court, in an unpublished opinion, held that the state district court must apply the forum non conveniens rule of general maritime law where a foreign citizen brought an admiralty suit in state court. In a per curiam opinion, our Supreme Court, citing La.C.C.Pro. Art. 123(C), held that "Louisiana courts may apply Louisiana procedural law in causes of action brought in Louisiana Courts."
Code of Civil Procedure Article 123, sections B and C provide as follows:
"B. Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omissions originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription, provided that a suit on the same cause of action is commenced in a court of competent jurisdiction within sixty days from the rendition of the judgment of dismissal.
C. The provisions of Paragraph B shall not apply to claims brought pursuant to 46 USC Sec. 688 or federal maritime law."
Miller argues that, despite the federal pronouncements to the contrary, we are bound by the Markzannes holding and the provisions of Article 123(C).
The Federal Fifth Circuit, in Ikospentakis, supra, noted that "a federal maritime *1093 defense of forum non conveniens is constitutionally supreme in a maritime or Jones Act case over state laws that do not recognize this doctrine." Id. at 180, citing Exxon Corp. v. Chick Kam Choo, supra. The Court went on to recognize Louisiana's failure to abide by this doctrine and stated that "[a]t some point, Louisiana must bend to the federal courts' construction of federal law." Id.
In the instant case, the trial court reasoned that the Supreme Court's per curiam holding in Markzannes was not binding, and maintained ADC's exception based on an application of federal law. We agree with this reasoning.
In the face of clear pronouncements by the Federal judiciary that maritime cases filed in state court must be governed by the federal doctrine of forum non conveniens, we are compelled to apply that defense in the instant case. We agree with the trial court's factual conclusion that Louisiana has absolutely no connection with this case. Neither party is a Louisiana resident; the accident occurred on the Delaware river; plaintiff was treated in Pennsylvania, New York and Mississippi; the vessel on which he was injured has never navigated Louisiana's waters. The only semblance of connexity with Louisiana is the fact that ADC has a registered agent here. That alone is not enough.
Accordingly, we affirm the trial court's judgment.
AFFIRMED.