**Emmett EDDY and Wife, Grace Eddy, Plaintiffs,**

v.

**INLAND BAY DRILLING & WORK-OVER, INC., Broussard Brothers, Inc., Halliburton Company, Apache Corporation, Inland Bay Equipment Leasing Corporation, and N.R. Broussard Landing, Inc., Defendants.**

No. G–91–417.

United States District Court, S.D. Texas, Galveston Division.

Feb. 12, 1992.

Ernest H. Cannon, Ernest Cannon & Associates, Houston, Tex., for plaintiffs.

Ronald L. White, Brown, Sims, Wise & White, Louise E. McCarter, Vinson & Elkins, Gary J. Siller, Griggs & Harrison, Houston, Tex., James R. Sutterfield, New Orleans, La., Roland Garcia, Houston, Tex., for defendants.

## ORDER

KENT, District Judge.

Before the Court are Plaintiffs' Motion to Remand and Motion for Sanctions and Defendants' Motion to Transfer. For the

reasons stated below, Plaintiffs' Motion to Remand is GRANTED, Plaintiffs' Motion for Sanctions is DENIED, and Defendants' Motion to Transfer is not reached.

## I.

Plaintiffs initiated this action on April 24, 1991 in the 212th District Court, County of Galveston, State of Texas, asserting a Jones Act [1] claim and several state-law negligence claims. Plaintiffs filed suit in state court pursuant to the maritime "savings to suitors" clause. 28 U.S.C. § 1333. Defendants filed a Notice of Removal in this Court on November 22, 1991. Defendants' original Notice of Removal alleges four grounds for this Court's exercise of removal jurisdiction: 1) Plaintiffs' claims arise under federal law, and Plaintiff Grace Eddy's claim is a claim under general maritime law and not a claim under the Jones Act; 2) the failure of Texas courts to recognize the doctrine of forum non conveniens deprives Defendants of substantial federal rights and thereby vests jurisdiction in this Court; 3) Texas's venue and jurisdiction procedures deprive the foreign Defendants of their Fourteenth Amendment Due Process rights; and 4) this action arises under federal law and therefore this Court has original subject matter jurisdiction. Defendants filed an Amended Notice of Removal and Motion to Transfer on December 2, 1991. The amended notice was never accepted by the Court. However, this was an oversight and the Court accepts the Amended Notice of Removal at this time. The amended notice asserts three grounds for this Court's exercise of removal jurisdiction, which are quoted here *verbatim:*

1. The refusal of the State of Texas to recognize the doctrine of forum non conveniens directly conflicts with an important substantive right afforded to defendants by federal maritime law, giving the Federal District Court original jurisdiction under 28 U.S.C. § 1331.

2. The venue provisions of the State of Texas provide rights that are illusory and in conflict with the venue provisions of the Jones Act, 46 U.S.C. § 688, thereby raising a federal question and giving the Federal District Court original jurisdiction under 28 U.S.C. § 1331.

3. Original jurisdiction remains with the Federal District Court for Jones Act or general maritime law claims brought under the "saving to suitors" clause where a state court lacks proper venue.

Plaintiffs filed a timely Motion to Remand on December 23, 1991.

## II.

■ A state court action is not removable to federal court if the action could not have originally been brought in federal court. Thus, removal is proper only where the district court could have exercised original diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Pursuant to section 1441, a federal district court has removal jurisdiction over any action that it could have exercised original jurisdiction over, had such action originally been filed in federal court, "[e]xcept as otherwise expressly provided by Act of Congress...." To be sure, a federal court has original subject matter jurisdiction over a Jones Act claim. However, under the "savings to suitors" clause, a Jones Act claim may also be brought in state court, and Congress has expressly provided that federal district courts do not have removal jurisdiction over such claims. 28 U.S.C. § 1445(a); 46 U.S.C.App. § 688. *See also Engel v. Davenport*, 271 U.S. 33, 37–38, 46 S.Ct. 410, 412, 70 L.Ed. 813 (1926).

■ Indeed, it is axiomatic that a Jones Act case filed in state court is not removable.[2] Only one possible exception exists: if a Jones Act claim is joined with another, separately removable claim, the

---

1. 46 U.S.C.App. § 688. Defendants do not argue that Plaintiff is not a "seaman" for purposes of the Jones Act, or that Plaintiffs' Complaint fails to state a claim under the Jones Act.

2. *See, e.g., Lirette v. N.L. Sperry Sun, Inc.,* 810 F.2d 533, 535 (5th Cir.), *aff'd in relevant part,* 820 F.2d 116 (5th Cir.1987); *Kattelman v. Otis Eng'g Corp.,* 701 F.Supp. 560, 565 (E.D.La.1988).

whole case may be removable. *In re Dutile*, 935 F.2d 61, 62 (5th Cir.1991).[3] No such separately removable claim exists in the instant case, however. Instead, Defendants argue that, notwithstanding the provisions of section 1445(a), this Court has removal jurisdiction because Plaintiffs' Jones Act claim encompasses at least one other federal question. Defendants, however, cite no authority, and the Court has found none, for the novel proposition that an independent basis of original subject matter jurisdiction, as opposed to the joinder of an independently removable claim, will make a Jones Act case removable.[4] Indeed, it can scarcely be argued that the existence of complete diversity between the parties in a Jones Act case will support removal.[5] Moreover, the terms of section 1445(a) are not qualified. They appear to indicate that Plaintiffs have an absolute right [6] to have their Jones Act claim adjudicated in state court. Even assuming, however, that the presence of an independent federal question will support removal of a Jones Act case, Defendants have failed to demonstrate that an independent federal question exists.

### A.

■ First, Defendants argue that because the Texas legislature has abolished the doctrine of forum non conveniens,[7] Defendants will be deprived of important substantive rights if forced to defend this suit in Texas state court, and that this deprivation creates original federal question juris-diction sufficient to support removal pursuant to section 1441. This argument is without merit; Texas's failure to recognize forum non conveniens is not a basis for removal, and, even if it might be under certain circumstances, it does not, in this case, deprive Defendants of any substantive rights.

### 1.

■ Defendants cite no authority, and the Court has found none, for the proposition that, notwithstanding the provisions of 28 U.S.C. § 1445, a state's failure to recognize the doctrine of forum non conveniens creates a federal question and thereby makes a Jones Act case originally brought in state court automatically removable. Indeed, it is well settled that, under the "well-pleaded complaint rule," federal question jurisdiction is proper only where the federal question appears on the face of the plaintiff's properly pleaded complaint. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Where original federal question jurisdiction exists, a case may be removed pursuant to 28 U.S.C. § 1441(a). Removal may not, however, be predicated solely on the existence of a defense grounded in federal law, *even a defense that Plaintiff's claim is preempted by federal law*. *Caterpillar, Inc. v. Williams, supra*, 482 U.S. at 392–93, 107 S.Ct. at 2429–30; *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841,

---

3. Moreover, it is not clear that this exception does, in fact, exist. In *In re Dutile* the Fifth Circuit only held that it *may*, not that it *does*, exist.

4. 28 U.S.C. § 1445(a) provides that actions under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, are not removable. The Jones Act incorporates this provision. 46 U.S.C.App. § 688. *See also Engel v. Davenport*, 271 U.S. 33, 37–38, 46 S.Ct. 410, 412, 70 L.Ed. 813 (1926). In *Brown v. National R.R. Passenger Corp.*, 725 F.Supp. 873, 873 (D.Md.1989) the court held that section 1445(a) prohibits removal of Federal Employers' Liability Act cases even where diversity of citizenship exists or an independent federal question is present.

5. It is well-settled that an action under the Federal Employers' Liability Act is not removable based on diversity of citizenship. *Kansas City S.R.R. v. Leslie*, 238 U.S. 599, 602, 35 S.Ct. 844, 845, 59 L.Ed. 1478 (1915). It follows that Jones Act cases are also not removable on the basis of diversity. *See, e.g., Symoenides v. Cosmar Compania Naviera, S.A.*, 494 F.Supp. 240, 241 (M.D.La.1980); *Goetz v. Interlake S.S.*, 47 F.2d 753, 755 (S.D.N.Y.1931).

6. This right may be waived. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543–46 (5th Cir. 1991). However, because Plaintiffs filed their Motion to Remand within 30 days of the filing of the original Notice of Removal, waiver is not an issue.

7. *See Dow Chem. Co. v. Alfaro*, 786 S.W.2d 674 (Tex.1990), *cert. denied*, ⸺ U.S. ⸺, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991).

2847, 77 L.Ed.2d 420 (1983). Instead, if the defendant has a valid federal defense to the plaintiff's state law claim, he must raise it in state court. If the state court refuses to recognize the defense, the defendant may seek relief from the United States Supreme Court. *Compare Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (defense grounded in federal law not sufficient to support federal question jurisdiction) *with Louisville & Nashville R.R. v. Mottley,* 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297 (1911) (Railroad allowed to appeal state court judgment ordering specific performance where performance of contract would violate federal law).

The Fifth Circuit has held that, by virtue of the reverse-*Erie* doctrine, a state court is required to apply the federal law of forum non conveniens, rather than its own law, in maritime actions. *Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374, 1382 (5th Cir.1988); *Exxon Corp. v. Chick Kam Choo,* 817 F.2d 307, 322 (5th Cir. 1987), *rev'd on other grounds,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). It does not follow, however, that Texas's failure to recognize the existence of the doctrine of forum non conveniens makes this action removable. Instead, assuming Defendants are entitled to a forum non conveniens dismissal, their remedy is to move for a dismissal in the state court, and, if the state court refuses to apply federal law, to seek relief from the Supreme Court.

### 2.

■ This point is, however, moot, because Defendants are not entitled to a forum non conveniens dismissal. Defendants, rely heavily on *Ikospentakis v. Thalassic S.S. Agency,* [8] in which the Fifth Circuit held that the district court abused its discretion by dismissing the case without prejudice so that Plaintiff could refile in Louisiana state court. In contrast to the instant case, the plaintiff initially brought his Jones Act suit against multiple defendants in *federal court.* Even assuming,

however, that based on the particular facts of that case the *Ikospentakis* defendants would have had the right to remove to federal court had the case originally been filed in state court, a careful reading of *Ikospentakis* indicates that it does not require the result advocated by Defendants in this case.

Unlike the instant case, *Ikospentakis* involved an alien plaintiff, alien defendants, an alien vessel with alien owners, and an adequate alternative forum in a foreign nation. 915 F.2d at 179. Thus *Ikospentakis* was "a classic case for the application of *forum non conveniens." Id.* Likewise, most of the cases relied on by Defendants each consider a motion to dismiss for forum non conveniens based on the alien status of at least one of the parties and an allegation that a non-United States forum is the more convenient forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374 (5th Cir.1988); *Exxon Corp. v. Chick Kam Choo,* 817 F.2d 307 (5th Cir.1987), *rev'd on other grounds,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). It is precisely this type of forum non conveniens motion that "has long been a part of the maritime law of this nation," [9] such that, in *Ikospentakis,* the Fifth Circuit reaffirmed its earlier holding that a state "open forum" law is preempted by federal forum non conveniens law in a maritime suit brought in state court by a nonresident alien.

By contrast, in the instant case, Defendants are not nonresident aliens, and they do not contend that a foreign country is a more convenient forum. Instead, Defendants seek merely to transfer this case from the instant Court to the United States District Court for the Western District of Louisiana. Thus, the concerns of international comity that troubled the Fifth Circuit in *Ikospentakis* and *Chick Kam Choo* are not present here. There is no danger that:

[M]aritime actors throughout the world will be subject to suit in the state courts

---

8. 915 F.2d 176 (5th Cir.1990).

9. *Chick Kam Choo,* 817 F.2d at 322.

of Texas on claims arising around the world.... even if [such actors] are aliens, the plaintiffs are aliens, and the transaction complained of by the plaintiff has no relation whatever either to Texas or to the United States.

*Chick Kam Choo*, 817 F.2d at 320.

Indeed, Defendants' argument is that Louisiana, and not a foreign country, is the proper forum for this action.

■ This distinction between *Chick Kam Choo* and *Ikospentakis* on the one hand and the instant case on the other is crucial because it demonstrates that the failure of Texas to recognize the doctrine of forum non conveniens does not deprive these Defendants of any substantive rights. Under federal law, where the choice of forum is between two federal forums, the common law doctrine of forum non conveniens has been superseded by 28 U.S.C. § 1404, which allows a federal court

to transfer a case to another district where venue would have been proper. Thus, in contrast to *Chick Kam Choo* and *Ikospentakis* the Defendants in this case would not have been entitled to a forum non conveniens dismissal had this case been filed in federal court in either Texas or Louisiana.

■ Thus, Defendants' real argument is that this action is removable because Texas law does not provide a mechanism similar to 28 U.S.C. § 1404 which allows them to obtain a transfer to federal court in Louisiana.[10] Indeed, under Defendants argument every Jones Act case brought in a state whose law did not have a provision identical to section 1404 would be removable. *Chick Kam Choo* and *Ikospentakis* do not support such a result.[11] At best, Defendants might be able to argue that Texas's failure to provide any mechanism for them to obtain a forum non conveniens dismissal subject to refiling in either Loui-

---

10. Defendants repeatedly confuse a section 1404(a) transfer with a forum non conveniens dismissal throughout their pleadings. They cite to section 1404(a) on at least one occasion, but the thrust of their argument is that they are entitled to a "forum non conveniens transfer" to the Western District of Louisiana. In support of this notion they rely on the factors outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), a forum non conveniens case, which, although it did not involve allegations that a foreign country was a more convenient forum, was decided before section 1404 was enacted. In contrast to a forum non conveniens motion, a court, in ruling on a section 1404(a) motion to transfer, "must consider the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum. The last factor is most influential and should rarely be disturbed unless the balance is strongly in defendant's favor." *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986). In the instant case, at least some counsel are present in Texas. The other counsel, and the witnesses, parties, books, records and the like are right next door in Louisiana. On these facts the Court does not believe that the slight inconvenience and expense of trying this case in Texas is sufficient to overcome the delay that a transfer would cause, nor is it sufficient to override Plaintiffs' choice of a Texas forum.

11. Moreover, in *Ikospentakis*, the Fifth Circuit's holding was predicated, at least in part, on the Louisiana Supreme Court's refusal to apply federal forum non conveniens law in spite of the Fifth Circuit's earlier holding that, under the so called reverse-*Erie* doctrine, a state court must apply federal forum non conveniens law in Jones Act cases. *Ikospentakis*, 915 F.2d at 178–79. In *Markzannes v. Bermuda Star Line, Inc.*, 1989 A.M.C. 1431, 1432 (La.Ct.App.1989) (per curiam), the Louisiana Court of Appeal held that, under *Chick Kam Choo*, it was bound to apply the federal doctrine of forum non conveniens in maritime cases. In a short, *per curiam* opinion, the Louisiana Supreme Court reversed. *Markzannes v. Bermuda Star Line, Inc.*, 545 So.2d 537, 537 (La.1989) (per curiam), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 832 (1990). In *Miller v. American Dredging Co.*, 580 So.2d 1091, 1092-93 (La.Ct.App.1991), the Court of Appeal, relying on *Ikospentakis*, held that, given the supremacy of federal law to state law, the supreme court's decision was not binding and applied federal forum non conveniens law. The Louisiana Supreme Court granted certiorari. *Miller v. American Dredging Co.*, 587 So.2d 684 (La.1991). In contrast to the Louisiana Supreme Court, the Texas Supreme Court, while it has held that the doctrine of forum non conveniens is not recognized under Texas law, has not refused to apply federal forum non conveniens law in a maritime case in defiance of the Fifth Circuit. While it is the responsibility of the federal courts to enforce federal law, it would not behoove this Court to assume that a Texas state court will refuse to follow a federal mandate before it has been given a chance to do so.

siana state *or* federal court is a ground for removal. Defendants appear to argue, however, that they would be entitled to remove this action from Louisiana state court to Louisiana federal court because Louisiana, like Texas, fails to recognize the doctrine of forum non conveniens. La. Code Civ.Proc.Ann. art. 123(B)-(C) (West 1988). *See also Markzannes v. Bermuda Star Line, Inc.*, 545 So.2d 537, 537 (La. 1989) (per curiam) (reversing 1989 A.M.C. 2988 and disagreeing with *Chick Kam Choo, supra*), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 832 (1990). However, *Defendants' whole argument is premised on the notion that Louisiana is the most appropriate forum for this action.* Thus, had Plaintiffs originally filed in Louisiana *state* court or were this court to grant a forum non conveniens dismissal subject to Plaintiffs being able to pursue this action in Louisiana state court,[12] Defendants could not remove to federal court on the ground that Louisiana's failure to recognize the doctrine of forum non conveniens deprives Defendants of substantive rights *because by the terms of their own argument, Defendants would have had no right to a forum non conveniens dismissal.*

### B.

■ Defendants' other arguments are likewise without merit. First, it is true that a Jones Act defendant sued in state court may well be subject to different venue provisions than one sued in federal court. However, while courts have long recognized the "historic option" of maritime plaintiffs to pursue their claims in either state or federal court,[13] no court has held that a state must provide a maritime defendant with the same venue provisions that would be available to such a defendant in federal court, nor has any court held that a conflict between state and federal venue provisions makes an otherwise non-removable action removable. Thus, even assuming that Texas's venue provisions im-

properly conflict with federal law, Defendants' remedy is to raise this conflict in the state court, and, if the state court does not properly resolve the conflict, to apply for relief in the Supreme Court.

■ As to Defendants' third asserted ground of jurisdiction, that where venue cannot be properly laid in state court the federal court retains the original subject matter jurisdiction: it is true that the federal courts possess original subject matter jurisdiction over Jones Act cases, however, the allegation that venue cannot be properly laid in Texas Court does not make this action removable. If this defense is available, then defendants can raise it at the appropriate time in state court.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion to Remand is hereby GRANTED, and this action is hereby REMANDED to the 212th District Court, County of Galveston, State of Texas.

It is further ORDERED that Plaintiffs' Motion for Sanction is hereby DENIED.

It is further ORDERED that Defendants' Motion to Transfer and all other motions pending are rendered moot by this Order, and they are therefore not reached.

As this disposes of all matters before the Court, THIS IS A FINAL JUDGMENT.

IT IS SO ORDERED.

---

12. *See Simon v. Silfen*, 247 F.Supp. 762, 763 (S.D.N.Y.1965) (section 1404 does not abrogate common law where choice is between state and federal forums).

13. *See, e.g., Romero v. International Term. Co.*, 358 U.S. 354, 371, 79 S.Ct. 468, 479, 3 L.Ed.2d 368 (1959).