**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0133n.06
Filed: February 16, 2007

**Nos. 05-4451, 05-4452**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARJORIE ROSENTHAL, et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| BRIDGESTONE/FIRESTONE, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants-Appellants, | ) | |

**BEFORE: MOORE, and CLAY, Circuit Judges; BELL, District Judge.**[*]

**PER CURIAM**. Defendants Bridgestone Firestone, Inc. and Ford Motor Company appeal the district court order dismissing the plaintiffs' wrongful death and personal injury action without prejudice. For the reasons that follow we affirm the district court's order.

**I.**

This action arose out of a single vehicle accident in North Carolina on August 16, 2003, involving a 1995 Ford Explorer with Bridgestone/Firestone tires. Amal Murarka was killed in the accident and his brother Sumeet Murarka suffered injuries. On February 23,

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

2004, Marjorie Rosenthal, individually and as executor of the estate of Amal Murarka, Sumeet Murarka, and his wife Pamela Murarka, filed this action against Bridgestone/Firestone, Inc. and Ford Motor Co., asserting personal-injury and wrongful-death claims. Plaintiffs alleged that the Ford vehicle and the Bridgestone/Firestone tires were defective products.

In October 2004, defendants filed summary judgment motions on the ground that Ohio's choice-of-law provisions required the court to apply North Carolina law to the present case, and that under North Carolina's six-year product-liability statute of repose, N.C. Gen. Stat. § 1-50(6), all of plaintiffs' claims were barred as a matter of law. The district court allowed plaintiffs until April 2005, after the close of discovery, to file their response to the motions for summary judgment.

On February 25, 2005, plaintiffs filed suit in Connecticut Superior Court for injuries arising out of the same accident. The action was removed to the United States District Court for the District of Connecticut. The products liability allegations in the Connecticut action are substantially similar to those raised in this action, but plaintiffs added as additional parties Bridgestone/Firestone's tire dealer and plaintiffs' minor children.

On June 16, 2005, prior to the hearing on defendants' motion for summary judgment, the district court provided the parties with a copy of his "Proposed and Tentative Opinion," in which he indicated his pre-hearing inclination to grant summary judgment in defendants' favor on all claims based on North Carolina's statute of repose. The district court expressly reserved the right to reach a conclusion different from that reached in the Proposed and

Tentative Opinion after oral argument. On June 22, 2005, after receiving the Proposed and

Tentative Opinion, plaintiffs filed their motion to vacate the oral argument on defendants'

summary judgment motion and to dismiss their claims without prejudice under FED. R. CIV.

P. 41(a)(2).

On July 7, 2005, the district court granted plaintiffs' motion to dismiss without

prejudice, subject to the condition that plaintiffs reimburse defendants for attorney fees and

costs incurred on work that could not be used in the Connecticut case. Plaintiffs accepted

the condition and deposited with the court $72,544.72 in attorney fees and costs as

determined by the district court. The district court dismissed plaintiffs' action without

prejudice on September 28, 2005. Defendants timely appealed the dismissal.

## II.

The Federal Rules of Civil Procedure provide that once a defendant has filed an

answer or motion for summary judgment "an action shall not be dismissed at the plaintiff's

instance save upon order of the court and upon such terms and conditions as the court deems

proper." FED. R. CIV. P. 41(a)( 2). "Whether dismissal should be granted under the authority

of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli

Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of

Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). Accordingly, we review an order granting

dismissal without prejudice under Rule 41(a)(2) for abuse of discretion. *Eagles, Ltd. v. Am.

Eagle Found.*, 356 F.3d 724, 730 (6th Cir. 2004) (citing *United States v. 266 Tonawanda

Trail*, 95 F.3d 422, 425 (6th Cir. 1996)). "An abuse of discretion exists when the district

court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Geier v. Sundquist*, 372 F.3d 784, 789-90 (6th Cir. 2004) (quoting *First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant will suffer "plain legal prejudice," a court should consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718 (citing *Kovalic*, 855 F.2d at 474).

Courts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense. As we noted in *Grover*, "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id*. at 719. *See also Phillips v. Illinois Cont. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding that dismissal would result in clear legal prejudice because in second suit defendant "would be stripped of an absolute defense."); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) ("If

defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose.").

Defendants assert that they suffered clear legal prejudice as a result of the dismissal without prejudice because they were entitled to summary judgment based upon the North Carolina statute of repose, and the dismissal without prejudice negated this dispositive defense.

Contrary to defendants' assertions, the law did not clearly dictate a result in their favor. Although the district court expressed its tentative opinion that the North Carolina statute of repose would bar plaintiffs' action, the district court expressly reserved the right to reach a different conclusion after oral argument. In its opinion granting plaintiffs' motion to dismiss, the district court noted that plaintiffs had presented "serious arguments" regarding the applicability of the statute of repose to their case. J.A. at 49. According to the district court, in contrast to the situation in *Grover*, it had not been presented with a "determinative definitive decision of state law," and it was "not clear" that it would apply the North Carolina statute of repose. *Id.*

Upon review we are satisfied that application of the North Carolina statute of repose in this case was not "clearly dictated." *See Grover*, 33 F.3d at 719. Plaintiffs opposed application of the North Carolina statute of repose on several grounds. They argued that the statute of repose would not apply under Ohio's choice-of-law rules because it violates Ohio public policy as embodied in the Ohio Constitution's open courts provision. J.A. at 468. They argued in the alternative that the statute of repose would not bar their claim because the

statute began running from the "initial purchase for use or consumption" and did not address a lease situation. J.A. at 475. Finally, they argued that under Ohio choice-of-law rules, North Carolina law should not be applied to Sumeet Murarka who was not a resident of North Carolina. J.A. at 478. The district court was confronted with choice of law, Ohio public policy, and North Carolina statutory interpretation issues that were far from settled. We cannot say that a ruling in favor of defendants based upon the North Carolina statute of repose was clearly dictated.[1]

Defendants point out that in *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990), the Fifth Circuit found legal prejudice even though the defendants could not show that they would be able to sustain their defense beyond a shadow of a doubt. 915 F.2d at 179. In that case, however, the court found that the defendants had established "a classic case" for the application of *forum non conveniens* and dismissal would strip the defendants of the defense entirely because they would not be able to raise it in the second suit. *Id*. Where a defense is still available in the second action, courts are less likely to find plain legal prejudice. *See, e.g.*, *Manshack v. SW. Elec. Power Co.*, 915 F.2d 172, 175 (5th Cir. 1990) (affirming dismissal without prejudice where defendant would be able to raise same defense in second action); *Gross v. Spies*, Nos. 96-2146, 96-2203, 96-2150, 96-2149,

---

[1]We take this opportunity, however, to express our disapproval with the district court's issuance of its tentative decision on the motion for summary judgment. Such a procedure has the tendency to invite second guessing as to the court's subsequent assertion that it might not have ruled consistently with the tentative opinion. It also invites speculation as to whether the court has intentionally invited the filing of a motion to dismiss to avoid the likely result. There are certainly better ways for a district court to achieve its stated purpose of assisting the parties in their preparation for oral argument on the summary judgment motion.

96-2147, 96-2204, 1998 WL 8006, *6 (4th Cir. Jan. 13, 1998) (unpublished) (holding that

voluntary dismissal without prejudice did not cause plain legal prejudice where defendants

would be able to assert same statute of limitations defense in second action).

Unlike the situation in *Ikospentakis*, dismissal did not strip defendants in this action

of their ability to raise the North Carolina statute of repose in the second action.  Defendants

have argued in the Connecticut action, as they did in this action, that North Carolina law

applies to all claims and that the case is barred by the North Carolina statute of repose.

Although defendants contend that it will be more difficult to succeed on this defense in

Connecticut based upon Connecticut choice-of-law rules, the defense is not unavailable to

them as was the case in *Ikospentakis*.

Even if the law does not clearly dictate a result in favor of a defendant, and even if a

defendant would be able to raise the defense in a second action, there are additional factors

to consider in determining whether a defendant will suffer plain legal prejudice as a result

of a Rule 41(a)(2) dismissal.  As noted above, these factors include: "the defendant's effort

and expense of preparation for trial, excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal,

and whether a motion for summary judgment has been filed by the defendant."  *Grover*, 33

F.3d at 718 (citing *Kovalic*, 855 F.2d at 474).

The district court found that much of defendants' effort and expense would be useful

in the Connecticut action, and conditioned the dismissal of the action on plaintiffs' payment

of defendants' reasonable costs and attorney fees for work that could not be transferred to

the Connecticut action. The district court also found that plaintiffs had not been dilatory in responding to defendants' motions for summary judgment, in engaging in discovery, or in preparing their case. The district court noted that because discovery would largely be transferable to the Connecticut action, plaintiffs' delay in filing the motion to dismiss did not sufficiently prejudice defendant to preclude dismissal. These findings of fact have support in the record and are not clearly erroneous.

We do not find any legal error in the district court's rejection of defendants' assertion that the pending summary judgment motion precluded the court from granting the motion to dismiss. There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Kovalic*, 855 F.2d at 474 (quoting *Tyco Labs., Inc. v. Koppers Co. Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)). Thus, the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice.

Defendants note that the district court made no findings on the sufficiency of plaintiffs' explanation for their need for dismissal. The district court's failure to address this *Grover* factor is not tantamount to an abuse of discretion. The *Grover* factors are not an exclusive or mandatory list. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "[C]ourts need not analyze each factor or limit their consideration to these factors." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). Moreover, even if we accept defendants' contention that plaintiffs voluntarily dismissed this action in order to gain a

tactical advantage in the Connecticut case, such a motivation does not necessarily constitute plain legal prejudice. *See Am. Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."); *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) ("[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit."); *Gross*, 1998 WL 8006 at *5 (same).

Upon review, we find that this case presents a rather close question on the issue of plain legal prejudice. Nevertheless, because the law does not clearly dictate a result in defendants' favor on the North Carolina statute of repose and because the majority of defendants' work can be transferred to the Connecticut action or will be reimbursed under the conditional order of dismissal, we cannot say that the district court abused its discretion in granting plaintiffs' Rule 41(a)(2) motion for dismissal. The district court's order of dismissal is accordingly **AFFIRMED**.