# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-30164
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2017

Lyle W. Cayce
Clerk

NAFEESA H. NAYLOR, also known as Nafessa H. Naylor,

Plaintiff – Appellant

v.

LEE HARRELL; TERRY PARRISH; LUCILLE WALKER; DEWEY
R. ALLEN; DANIEL GRISSON; WILLIAM SCOTT HUNT; JAMES
W. BERRY; TERRY A. DOUGHTY; MICHAEL R. WILSON;
JAMES ADCOCK; JEFF LANDRY,

Defendants – Appellees

————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:16-CV-817

————————————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Nafeesa Naylor challenges the Rule 12(b)(6) dismissal of her civil rights suit brought against numerous defendants. The case has its origins in Naylor's visit to the Richland Parish Sheriff's Office in October 2012 to report that police had abused her daughter. According to her allegations which we assume to be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30164

true at the pleading stage, Naylor agreed to leave a phone containing a video of the incident with the investigators "for the sole purpose" of allowing them to download that video. Naylor alleges that when she retrieved the phone months later, the video was no longer on it. In June 2013, she was arrested and charged with extortion, public intimidation, and prostitution. She alleges that the evidence that was the basis for these arrests came from the phone she had given the Sheriff's Office. A judge set bond at amounts Naylor could not pay. In May 2015, she entered an *Alford* plea to the public intimidation charge and was released from jail the next month.

Naylor then brought this federal lawsuit, which the magistrate judge recommending dismissing for the following reasons. It concluded that the Eighth Amendment claim against the judge who set her bond was barred by judicial immunity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Her claims against two bank employees—they apparently worked for the bank holding the note on Naylor's car that she alleges was unlawfully searched— failed because there was no allegation of unconstitutional conduct by these private citizens. As for her claims against numerous law enforcement officials who allegedly had access to her phone, her guilty plea barred an unlawful arrest claim, *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and her Fourth Amendment claim was time barred. On that latter point, the magistrate concluded that the limitations period began to run when she was arrested in June 2013 based on the allegedly unlawful search, *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 2003), so any suit had to be brought by June 214, *see* La C.C. art. 3492 (one-year prescription period). The claim against the Louisiana Attorney General failed because there is no *respondeat superior* liability in section 1983 cases and the complaint made no allegations of any individual involvement by the AG in Naylor's case. The magistrate also dismissed Naylor's equal protection and conspiracy claims against a local

2

No. 17-30164

magistrate with whom she claimed she had a longtime affair until he played a role in getting her charged because the phone had text messages revealing their relationship. The judge concluded that these claims were insufficiently pleaded and the equal protection claim was prescribed.

Naylor did not file any objections to the magistrate's recommendations. Instead, she unsuccessfully sought to amend her complaint. She then sought to voluntarily dismiss her claims without prejudice. The district court rejected that request, explaining that Federal Rule of Civil Procedure 41(a)(2) requires court permission, which is meant to "protect the non-movant from unfair treatment." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Dismissal without prejudice while the magistrate's recommendation was pending would amount to that undue prejudice, the court held, because Naylor had already received multiple opportunities to pursue her claims through the granting of extensions and the like. The district court then adopted the magistrate's recommendation and dismissed the lawsuit.

On appeal, Naylor does not spend much time challenging the merits of the Rule 12(b)(6) dismissal. To the extent she has adequately raised any challenges to those merits ruling, we find no error.

Instead, Naylor focuses on the denial of her late request for voluntary dismissal without prejudice. We review a district court's ruling on a Rule 41(a)(2) motion only for abuse of discretion. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The district court's exercise of its discretion was reasonable. The numerous defendants and the magistrate judge had devoted a great deal of time to the Rule 12 motions, Naylor did not explain why her motion for voluntary dismissal was not brought earlier, and she filed it only after the magistrate judge had recommended dismissal of her case. *Baca v. Berry*, 806 F.3d 1262, 1270 (11th Cir. 2015) (listing factors a court may consider in exercising its Rule 41(a)(2) discretion).

3

No. 17-30164

The judgment of the district court is AFFIRMED.