Marvin NORWOOD and Carolyn Norwood, Plaintiffs,

v.

RAYTHEON COMPANY, Defendant.

Erwin Bast, Plaintiff,

v.

General Electric, Defendant.

Jack Cooper, Plaintiff,

v.

Raytheon Company, Defendant.

No. EP–04–CA–127–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

March 23, 2009.

Aron Uri Raskas, Philip Rogers Stein, Kramon & Graham, PA, Baltimore, MD, Lyle W. Cook, William A. Kershaw, Kershaw, Cutter & Ratinoff, LLP, Sacramento, CA, for Plaintiffs.

Andrew A. Kassof, Bradley H. Weidenhammer, Carole A. Cheney, Joel Blanchet, John R. Worth, Kevin T. Van Wart, Michael Dierkes, Kirkland & Ellis LLP, Chicago, IL, Mark N. Osborn, Shelly W. Rivas, Mitzi T. Shannon, Kemp.Smith LLP, El Paso, TX, J. Wylie Donald, McCarter & English, LLP, Newark, NJ, Kari B. Samuels, McCarter & English LLP, Philadelphia, PA, Moyahoena N. Ogilvie, McCarter & English, Hartford, CT, Andrew C. Agor, Joanna Shally, John C. Scalzo, Neeraj N. Patel, Shearman & Sterling, New York, NY, Habib Nasrullah, John M. Fitzpatrick, Wheeler Trigg Kennedy LLP, Denver, CO, Heather Lamberg Kafele, Thomas Stephen Martin, Shearman & Sterling, Washington, DC, for Defendants.

## ORDER DENYING RAYTHEON COMPANY'S MOTION FOR SUMMARY JUDGMENT BASED UPON STATUTES OF LIMITATIONS AND REPOSE

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Raytheon Company's ("Defendant") "Motion for Summary Judgment against Plaintiff Norwood based on Statutes of Limitations and Repose and Brief in Support" ("Motion"), filed on May 13, 2008; Plaintiff Marvin Norwood's ("Plaintiff") "Opposition to Raytheon Company's Motion to [sic] for Summary Judgment based on Statutes of Limitation and Repose" ("Response"), filed on May 13, 2008; and Defendant's "Reply in Support of Motion for Summary Judgment against Plaintiff Norwood based on Statute of Limitations and Repose" ("Reply"), filed on May 13, 2008, in the above-captioned cause.[1] After due consideration, the Court is of the opinion that Defendant's Motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a Tennessee resident, served in the United States Army from November 2, 1966, until October 22, 1970. Mot. 2. During his military service, Plaintiff worked with the Basic Homing All the Way Killer ("HAWK") defense system. Id. Plaintiff worked on that system in several locations, including Homestead, Florida for thirteen months, Korea for twelve months, and Germany for ten months. Id. Throughout his military service, Plaintiff would return to his home state of Tennessee for thirty-day intervals. Id.

In March 2000, Plaintiff learned that he had thyroid cancer.[2] Id. at 1. Following

---

1. On May 8, 2008, the Court denied Defendant's ·"Motion for Summary Judgment against Plaintiff Norwood based on Statutes of Limitations and Repose and Brief in Support" (Docket No. 456) "without prejudice to its re-submission to the Court." Docket No. 612. On May 13, 2008, Defendant resubmit-

ted this Motion. Docket No. 617. Accordingly, all pleadings referenced in this Order reflect a May 13, 2008, filing date.

2. In his Response, Plaintiff states that he developed kidney cancer. Resp. 3. This, however, appears to be an error, because in his

his diagnosis, Plaintiff's surgeon informed him that the ionizing radiation exposure he received while working on the HAWK during his years of military service could have led to his condition. *Id.* In February 2003, nearly three years after his initial diagnosis, Plaintiff brought suit in state court against Defendant in Massachusetts, the state where Defendant maintains its headquarters. Resp. 3. Defendant subsequently removed this action to the United States District Court for the District of Massachusetts. Def.'s Not. of Removal 1. On January 16, 2004, the United States District Court for the District of Massachusetts transferred this action to the Court pursuant to 28 U.S.C. § 1404(a).[3] Docket No. 127.

In its Motion, Defendant argues that Tennessee law applies to Plaintiff's claims because Tennessee has the most significant relationship to this action. Mot. 2. Essentially, Defendant maintains that Tennessee law should apply to this action because Plaintiff's injury occurred in Tennessee. *Id.* at 2–3.

If the Court applies Tennessee law, as Defendant argues, then (1) Tennessee's ten-year statute of repose would bar Plaintiff's claims because he commenced this suit in 2003, more than thirty years after he last worked with the HAWK; and (2) Tennessee's one-year statute of limitations would similarly bar Plaintiff's claims because he waited until 2003 despite receiving his cancer diagnosis in 2000. *Id.* at 1, 8.

Plaintiff counters Defendant's arguments by stating (1) that Tennessee's statute of repose does not apply to this action because Tennessee does not have a more significant interest than Massachusetts, the forum state; and (2) that Tennessee's statute of limitations does not apply because Massachusetts has the most significant relationship to this action, and thus, the Court should apply the three-year Massachusetts statute of limitations. Resp. 5–6.

The Court will now determine whether it should apply Tennessee's statute of repose and statute of limitations to this action.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of material fact exists only if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir.1994) (quoting *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir.1990)). If the moving party has satisfied its initial burden,

---

deposition, Plaintiff stated that he thought that the radiation exposure he received from the HAWK led to his thyroid cancer. Norwood Dep. at p. 6, ll. 13–15. Additionally, Jack Cooper, another plaintiff suing Defendant, alleges that he developed kidney cancer as a result of working on the HAWK system. Docket No. 813. Therefore, Plaintiff's reference to kidney cancer appears to be a typo-

graphical error, and the Court will treat it as such.

3. Title 28 U.S.C. § 1404(a) reads that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

the non-movant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing FED.R.CIV.P. 56(e)).

When a moving party requests that a court grant its motion for summary judgment, a court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). While a court will resolve factual controversies or disputes in the non-movant's favor, it must do so "only when there is an *actual* controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (emphasis added). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

## III. ANALYSIS

### A. Applicability of the Law of a Transferor Forum

■ When a question arises regarding which law a federal court should apply in a diversity action, the Fifth Circuit has stated that "a federal court must follow the choice of law rules of the forum state." *Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306 (5th Cir.2006). However, when a federal district court transfers an action pursuant to 28 U.S.C. § 1404(a), the Supreme Court has stated that "policies *require a transferee forum to apply the law of the transferor court,* regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." *Ferens v. John Deere Co.*, 494 U.S. 516, 523, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (emphasis added).

As previously noted, Plaintiff originally brought this action against Defendant in Massachusetts state court, which Defendant subsequently removed to the United States District Court for the District of Massachusetts. Resp. 3; Not. of Removal 1. Because federal district courts generally apply the law of the forum state in diversity actions, the United States District Court for the District of Massachusetts would have applied the law of Massachusetts had it not transferred this action to the Court. Therefore, as the transferee court in this action, the Court will also "apply the law of the forum court," in this instance, Massachusetts.[4] *Ferens*, 494 U.S. at 523, 110 S.Ct. 1274.[5] After deter-

---

**4.** In its Motion, Defendant argues in part that "[i]f federal enclave jurisdiction exists, then Florida choice-of-law rules apply." Mot. 2–3. Defendant goes on to argue that "[r]egardless of whether Massachusetts of [sic] Florida choice-of-law principles govern, the result is the same: the law of Tennessee applies." *Id.* at 3. Plaintiff counters this claim, arguing that "Tennessee law does not control the timeliness of [his] claims, regardless of which choice-of-law rules apply." Resp. 4. The Court notes that the question of which choice-of-law analysis applies to this action is moot, because it must follow the law of the transferor court, Massachusetts. Therefore, the Court declines to engage in a federal enclave

analysis to determine if Florida's choice-of-law rules should apply to this action.

**5.** Both parties note that the United States District Court for the District of Massachusetts did not specify whether it denied remand in this action because of federal enclave, federal officer, or supplemental jurisdiction. Mot. 2 n. 2; Resp. 4. To determine the reasoning for the denial of remand in this action would be pure conjecture on the part of the Court, and it thus declines to do so. Nevertheless, to provide clarity on the issue of jurisdiction in this action, the Court notes that "[w]hether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the suit was filed." *Harris*

mining that Massachusetts law applies, the Court will next consider whether Massachusetts views statutes of repose as substantive or procedural.

### B. Massachusetts views Statutes of Repose as Substantive rather than Procedural

Before determining whether Tennessee's statute of repose applies to this action, the Court must first determine whether Massachusetts views statutes of repose as substantive rather than procedural. If Massachusetts views statutes of repose as substantive, the Court will apply the laws of Massachusetts, including its choice-of-law analysis. *See Hyde v. Hoffmann–LaRoche, Inc.,* 511 F.3d 506, 510 (5th Cir.2007) ("In diversity cases, a federal court must apply federal procedural rules of law and the substantive law of the forum state, including its conflict-of-law rules.").

■ Massachusetts, as the forum state, views statutes of repose as substantive, rather than procedural. *See Nett ex rel. Nett v. Bellucci,* 269 F.3d 1, 5 (1st Cir. 2001) (noting that the First Circuit agrees that Massachusetts treats statutes of repose as substantive). Because Massachusetts views statutes of repose as substantive, the Court will now look to Massachusetts's choice-of-law analysis to determine whether Tennessee's statute of repose applies.

### C. Massachusetts Choice–of–Law Analysis

When considering a conflict-of-law issue, Massachusetts courts "have not elected by name any particular choice-of-law doctrine." *Cosme v. Whitin Mach. Works Inc.,* 417 Mass. 643, 646, 632 N.E.2d 832 (1994) (citing *Bushkin Assocs., Inc. v. Raytheon Co.,* 393 Mass. 622, 631–36, 473 N.E.2d 662 (1985)). Instead, Massachusetts considers:

> choice-of-law issues by 'assessing various choice-influencing considerations,' including those provided in the Restatement (Second) of Conflict of Laws (1971), and those suggested by various commentators.... Section 145 of the Restatement provides the general principle 'applicable to all torts and to all issues in tort,' and § 146 of the Restatement provides a principle applicable in *issues concerning causes of action involving personal injury.*

*Id.* (internal citations and quotations omitted) (emphasis added).

In the present action, the Court finds, and the parties agree, that it should look to the most significant-relationship test enunciated in section 146 of the Second Restatement of Conflict of Laws to determine whether to apply Tennessee's statute of repose. Section 146 of the Second Restatement states that:

> [i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*v. Black Clawson Co.,* 961 F.2d 547, 549 (5th Cir.1992). At the time Plaintiff filed suit in 2003 as part of a class action, Defendant maintained, and continues to maintain, its corporate headquarters in Massachusetts. Def.'s Not. of Removal 2. No class member included within the original filing was a citizen of Massachusetts. Def.'s Br. in Opp'n to Remand 1. Additionally, due to the nature of this case, the Court assumes that the amount in controversy exceeds $75,000. Therefore, pursuant to 28 U.S.C. § 1332(a), the Court finds that diversity jurisdiction exists in this action.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (1971). Section 6 of the Second Restatement of Conflict of Laws states that:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.* § 6. Using this choice-of-law analysis, the Court will now determine whether Tennessee's statute of repose applies.

### D. *Tennessee's Statute of Repose does not Apply*

During his service in the Army, Plaintiff never worked on the HAWK system in Tennessee, but instead worked on the system at several different locations. Additionally, there is no evidence to suggest that Defendant ever maintained a HAWK system in Tennessee. Still, Defendant argues that Tennessee's statute of repose should apply to this action because Tennessee is the place of injury. Mot. 3. Specifically, Defendant makes this argument because Plaintiff resides in and received his diagnosis for thyroid cancer in Tennessee. *Id.*

Plaintiff counters this argument by stating that Tennessee has no interest in this action and that his exposure could not have possibly occurred within the state of Tennessee. Resp. 2. Plaintiff further argues that Massachusetts has a greater interest in this action because Defendant manufactured, designed, and concealed information relating to the allegedly defective condition of the HAWK from the Government at its Massachusetts headquarters. *Id.* at 5–7.

In response, Defendant maintains that Plaintiff lacks support for that argument, and that "there is absolutely no connection between Raytheon's supposed 'concealment' and the Commonwealth of Massachusetts." Reply 5.

In reviewing the parties' respective arguments, the Court finds that there is a genuine issue of fact regarding Defendant's alleged concealment of information relating to the HAWK at its headquarters in Massachusetts. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Because the Court must "review the facts drawing all inferences most favorable to the party opposing the [summary judgment] motion," *Reid,* 784 F.2d at 578, it will infer, for the purposes of this Motion, that Defendant designed, manufactured, and concealed information relating to the HAWK from the Government at its Massachusetts headquarters.

■ In drawing this inference, the Court declines to treat Tennessee as the place of injury, and instead finds that Massachusetts has the greater interest in this action because that is where the alleged harmful conduct occurred. *See Norwood v. Raytheon Co.,* 237 F.R.D. 581, 595 (W.D.Tex.2006) (When applying the most significant relationship test "[i]n a products liability case alleging defective design, courts generally consider the place where the conduct causing the injury occurred to be the place where the product was designed and manufactured."). Additionally,

the Court does not find that any of the factors enumerated in section 6 of the Second Restatement suggest that Tennessee has a greater interest in this action than does Massachusetts.

While the Court finds that Massachusetts has the greater interest in this action because that is where the alleged harmful conduct occurred, it is mindful of Defendant's argument that the place of injury "is the place where the last event necessary to make an actor liable for an alleged tort takes place." Mot. 3 (quoting *Cohen v. McDonnell Douglas Corp.*, 389 Mass. 327, 450 N.E.2d 581, 585 (1983)). However, the Court is also mindful that "on the particular facts of a case another jurisdiction may sometimes be more concerned and more involved with certain issues." *Cohen*, 450 N.E.2d at 585 (quoting *Pevoski v. Pevoski*, 371 Mass. 358, 360, 358 N.E.2d 416 (1976)). Therefore, even if the Court were to find that Plaintiff's diagnosis for thyroid cancer in Tennessee constituted the last event necessary to make Defendant liable, it would still find, for the aforementioned reasons, that Massachusetts has the greater interest in this action.[6]

The Court will now address Defendant's argument that Tennessee's statute of limitations applies to this action.

**E.   *Tennessee's Statute of Limitations does not apply***

Prior to 1995, Massachusetts viewed statutes of limitations as procedural. *Cosme*, 417 Mass. at 645, 632 N.E.2d 832 ("The Commonwealth considers statutes of limitations as procedural: 'Massachusetts views statutes of limitations as relating to the remedy, and applies its own law as the law of the forum.'") (citation omitted). If this were still its view, then the Court would simply apply Massachusetts's statute of limitations to this action. *See, e.g., BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir.1995) ("Forums are free to use local procedural law, including the statute of limitations.") (citing *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988)). However, in 1995, the Supreme Judicial Court of Massachusetts declined to continue treating the application of statutes of limitations as procedural, holding that:

> We state for the future that this court's treatment of the application of statutes of limitations as procedural will no longer be continued. The certainty of the traditional answer as to which statute of limitations to apply does not justify a refusal to apply the statute of limitations of another jurisdiction in particular circumstances.

---

6. In its Reply, Defendant also argues that Alabama, and not Massachusetts, was the location where it designed the HAWK should the Court determine that this fact bears upon the law that it should apply. Reply 7. Defendant suggests that several different Army agencies had the responsibility for the design and development of the HAWK system located at Redstone Arsenal in Alabama. *Id.* Defendant further suggests that the Alabama location "was the headquarters for the Hawk program and the location where all final decisions were made relating to the design and development of the Hawk [and therefore] the only jurisdiction other than Tennessee with a substantial relationship to the occurrences

and parties in this case." *Id.* at 8. Defendant argues that Alabama, like Tennessee, also has a two-year statute of limitations for product liability actions resulting in personal injury, and that said statute would preclude Plaintiff from bringing his claim. *Id.* However, there still exists a question of fact regarding this issue because, as noted *supra*, Plaintiff claims that Defendant manufactured, designed, and concealed information relating to the HAWK from the Government at its Massachusetts headquarters. Thus, because there exists a question of fact on this issue, and the Court must resolve all inferences in favor of the non-moving party, the Court declines to find that Alabama law applies to this action.

*New Eng. Tel. & Tel. Co. v. Gourdeau Constr. Co., Inc.,* 419 Mass. 658, 664, 647 N.E.2d 42 (1995). Instead, Massachusetts adopted the most significant-relationship test of the Restatement (Second) of Conflict of Laws § 142 to determine "which State has the more significant relationship to the occurrence and to the parties with respect to the issues of limitation." *Id.* at 661, 647 N.E.2d 42. That portion of the Restatement states that:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations barring the claim.
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> > (a) maintenance of the claim would serve no substantial interest of the forum; and
> >
> > (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 (1971) (Rev. 1988).

■ In the present action, the Court finds that applying the three-year Massachusetts statute of limitations, which would allow for Plaintiff to bring his claim, would serve a substantial interest of the state.[7] Specifically, Massachusetts has a substantial interest in preventing its corporate

citizens from withholding information from the Government that could lead to individuals developing cancer, which is precisely the type of behavior in which Plaintiff alleges that Defendant engaged. Moreover, for the reasons stated earlier, the Court declines to find that Tennessee has a more significant relationship to this action than does Massachusetts as the forum state. Therefore, the Court finds that Massachusetts's statute of limitations should apply.

## IV. CONCLUSION

Because the Court finds that Massachusetts was the place of the alleged injury in this action, it concludes that Tennessee's statute of repose does not apply. Additionally, because Massachusetts has a substantial interest in this action, and a more significant relationship than Tennessee, the Court similarly concludes that Tennessee's statute of limitations does not apply. As such, the Court finds that Defendant's Motion should be denied.

Accordingly, **IT IS ORDERED** that Defendant's "Motion for Summary Judgment against Plaintiff Norwood based on Statutes of Limitations and Repose and Brief in Support" (Docket No. 797) is **DENIED.**

---

7. Massachusetts maintains a three-year statute of limitations for personal injury actions which reads that "[e]xcept as otherwise provided, actions in tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years after the cause of action accrues." MASS. GEN. LAWS. ANN. ch. 260, § 2A (West 2008). In the present action, Plaintiff received his diagnosis of thyroid cancer in March 2000. Mot. 1. He filed suit against Defendant in Massachusetts state court on December 20, 2002. Not. of Removal 1. Therefore, Plaintiff brought his suit within Massachusetts's three-year statute of limitations for personal injury actions.