IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

No. 05-10203

GEORGE W. HYDE,

      Plaintiff - Appellee,

v.

HOFFMANN-LA ROCHE INC.; ROCHE LABORATORIES INC.,

      Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:04-CV-1473-R

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

The issue in this diversity case is whether the district court abused its discretion in granting the plaintiff's motion to dismiss voluntarily all his claims without prejudice. Because the defendants would potentially be stripped of a defense based on a Texas statute of repose,[1] we vacate and remand for further proceedings.

---

[1] TEX. CIV. PRAC. & REM. CODE § 16.012(a), (b) (Vernon's 2003).

I

George W. Hyde, a Texas citizen, sued Hoffman-La Roche Inc. and Roche Laboratories Inc., claiming he suffered physical and psychological injuries from ingesting the prescription drug Accutane during the early 1980s. The defendants are, respectively, the manufacturer and distributor of Accutane in the United States. The action was originally filed in Texas state court, but was removed to federal court based on diversity jurisdiction.

Shortly after removal, the Roche defendants filed a motion for summary judgment asserting that Hyde's claims are barred by a Texas statute of repose that provides a fifteen-year period for filing a "products liability action," beginning on "the date of the sale of the product by the defendant."[2] The term "products liability action" is broadly defined to include

> any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief sought is recovery of damages or any other legal or equitable relief, including a suit for: (A) injury or damage to or loss of real or personal property; (B) personal injury; (C) wrongful death; (D) economic loss; or (E) declaratory, injunctive, or other equitable relief.[3]

Hyde admits that he last took Accutane almost 20 years before he filed

---

[2] Id. § 16.012(b).

[3] Id. § 16.012(a)(2).

2

suit, but he asserted in his response to the motion for summary judgment that

the statute of repose would violate the Texas Constitution's "open courts"

provision[4] if applied to his claims. He additionally asserted that his claims fall

within an exception to the statute of repose for latent diseases.[5] Hyde did not

produce any evidence that he has actually satisfied the conditions of the latent

disease exception; he argued that it is sufficient under the statute's provisions

that he "alleges" facts that meet the elements of the exception.[6]

Before responding to the summary judgment motion, however, Hyde filed

a motion to dismiss all his claims without prejudice pursuant to FED. R. CIV. P.

41(a)(2),[7] stating that he "no longer desire[d] to prosecute th[e] action." The

---

[4] TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.").

[5] TEX. CIV. PRAC. & REM CODE § 16.012(d) (Vernon 2003) ("This section does not apply to a products liability action seeking damages for personal injury or wrongful death in which the claimant alleges:  (1) the claimant was exposed to the product that is the subject of the action before the end of 15 years after the date the product was first sold; (2) the claimant's exposure to the product caused the claimant's disease that is the basis of the action; and (3) the symptoms of the claimant's disease did not, before the end of 15 years after the date of the first sale of the product by the defendant, manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury." (emphasis added)).

[6] See id.

[7] Rule 41(a)(2) provides for voluntary dismissal by order of the court, as follows:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is

3

Roche defendants opposed dismissal and urged the court to rule on the pending motion for summary judgment, arguing that Roche would be prejudiced if Hyde refiled the lawsuit in a state without an applicable statute of repose.

At some point, Hyde filed a virtually identical suit against the Roche defendants in New Jersey state court, and the Roche defendants brought this to the attention of the federal district court in Texas. They advised the court that New Jersey does not have an applicable statute of repose and asserted it was unlikely that New Jersey's choice-of-law rules would result in that court applying the Texas statute of repose, citing Gantes v. Kason Corp., in which the New Jersey Supreme Court refused to apply Georgia's statute of repose in a products-liability action arising from an industrial accident that occurred in Georgia.[8]

After the summary judgment motion and motion to dismiss had been pending for several months, Hyde requested a continuance of the summary judgment proceedings to allow additional time for discovery as to whether the law of a forum other than Texas should apply in this case, "possibly" New

---

without prejudice.

FED. R. CIV. P. 41(a)(2). The Federal Rules of Civil Procedure were amended effective December 1, 2007. The amendments are not material to this appeal, however, and the court therefore quotes from the amended Rules throughout this opinion. See FED. R. CIV. P. 41, 56 advisory committee's note on 2007 amendments.

[8] 679 A.2d 106 (N.J. 1996).

Jersey.[9]  In the same motion, Hyde urged the court to (1) grant his motion for dismissal without prejudice, (2) deny the motion for summary judgment on the merits, or (3) defer ruling on the summary judgment motion pending a decision on whether the case would be transferred to a Florida multi-district litigation panel for Accutane cases.

Four days after Hyde requested a continuance, the district court granted Hyde's motion for voluntary dismissal without prejudice.  Although dismissal of the case could have been subject to "terms that the court considers proper,"[10] the district court's dismissal order was unconditional.

The Roche defendants appeal the dismissal order, seeking remand to the district court for consideration of its summary judgment motion.  They argue that dismissal has deprived them of a favorable judgment on the merits and stripped them of an affirmative defense that is not available in the New Jersey litigation.  Hyde's principal counter-argument is that his pursuit of the case in New Jersey would not prejudice the Roche defendants because New Jersey law might apply even if the case proceeded in Texas federal court.

---

[9] See FED. R. CIV. P. 56(f) (authorizing the district court to grant additional time for discovery or enter other orders as are "just" when a summary judgment motion has been filed prematurely).

[10] FED. R. CIV. P. 41(a)(2).

As an initial matter, Hyde contends that we "should not view the instant appeal as one strictly involving the issue of whether the district court abused its discretion under Rule 41(a)(2)" because, Hyde asserts, the district court's ruling is also referable to Hyde's motion for continuance and therefore the district court was entitled to enter any order that was just pursuant to Rule 56(f).[11] We reject this argument. The district court's order specifically referenced Hyde's voluntary motion to dismiss without prejudice. The court did not rule on Hyde's motion for continuance.

Rule 41(a)(2) of the Federal Rules of Civil Procedure precludes a plaintiff from dismissing a lawsuit without the court's permission if either an answer or a motion for summary judgment has been served on the plaintiff and the defendant does not consent to dismissal.[12] A district court's decision to dismiss

---

[11] FED. R. CIV. P. 56(f). It provides:

When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

[12] FED. R. CIV. P. 41(a). This rule provides:

(1) By the Plaintiff.
    (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
        (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

a lawsuit under Rule 41(a)(2) is reviewed for abuse of discretion.[13] Dismissal without prejudice will generally be affirmed "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[14] A defendant may be substantially prejudiced by dismissal of a lawsuit if dismissal "effectively strips him of a defense that would otherwise be available. That [the] plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."[15]

In determining whether Roche will suffer plain legal prejudice as a consequence of the dismissal, we are guided by prior decisions of this court including Ikospentakis,[16] and Elbaor v. Tripath Imaging, Inc.[17] In Ikospentakis, the defendants argued that the voluntary dismissal of Jones Act claims stripped the defendants of a forum non conveniens defense that was available in federal

---

(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

[13] Ikospentakis v. Thalassic Steamship Agency, 915 F.2d 176, 177 (5th Cir. 1990).

[14] Id. (citations omitted).

[15] Id. at 177-78 (citations omitted).

[16] 915 F.2d at 176.

[17] 279 F.3d 314 (5th Cir. 2002).

court but unavailable in Louisiana state court.[18] We agreed there was prejudice because the courts of that state had "unequivocally rejected" the forum non conveniens doctrine in Jones Act and maritime cases.[19] In analyzing what constitutes legal prejudice, we emphasized that the availability of a defense need not be established to a certainty:

> [W]hether [the defendants] can sustain this defense beyond the shadow of a doubt in federal court is not the point of the inquiry concerning legal prejudice, although that circumstance made the decision in Phillips [v. Illinois Central Gulf Railroad][20] relatively easy. The point of the inquiry, rather is that appellants' invocation of forum non conveniens is far from frivolous, and that if appellants are relegated to litigating in the Louisiana state courts, they will not even have the opportunity to pursue a forum non conveniens dismissal.[21]

Because the forum non conveniens defense was not frivolous and because it was virtually certain that the defense would be unavailable in state court, we vacated the dismissal order and remanded the case to the district court with instructions to consider the merits of the defense before proceeding further.[22]

---

[18] 915 F.2d at 177-80.

[19] Id. at 178-79.

[20] 874 F.2d 984 (5th Cir. 1989) (statute of limitations clearly barred the plaintiff's claims and would not be available if the case were transferred).

[21] Ikospentakis, 915 F.2d at 179.

[22] Id. at 180.

In Elbaor we further clarified that legal prejudice may exist even if it is not legally certain that the defense would be lost if the case were dismissed.[23] In Elbaor, we agreed with the district court that "dismissal would potentially strip [the defendant] of a viable statute of limitations defense"[24] under Texas law, even though the plaintiffs asserted that the discovery rule applied and even though it was not known whether limitations would be unavailable as a defense in a forum in which the suit might be refiled. With regard to the merits of the limitations defense, we held that the plaintiffs' "potential ability to plead around the statute of limitations is irrelevant" in light of the holding in Ikospentakis that "whether the defense will ultimately be successful is not the appropriate inquiry."[25] Nor did the fact that it was unknown where the suit might be refiled and thus whether the limitations defense would be lost negate legal prejudice because it was the plaintiffs who failed to disclose the jurisdiction in which they intended to refile, a fact peculiarly within their knowledge.[26]

---

[23] 279 F.3d at 314.

[24] Id. at 318 (emphasis added).

[25] Id. at 319 (citations omitted).

[26] Id. ("We decline to adopt a rule that [would] allow[] a movant to garner a dismissal by simply refusing to disclose the jurisdiction where they intend to re-file.").

III

Applying these principles, our first inquiry is whether the Roche defendants have a viable (non-frivolous) defense under Texas law. In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state, including its conflict-of-law rules.[27] Although the parties disagree about whether Texas or New Jersey substantive law applies in this case, they agree the issue must be resolved by applying Texas's choice-of-law rules.[28]

While as a general proposition, Texas applies the "most significant relationship" test in sections 6 and 145 of the Restatement (Second) of Conflict of Laws in determining what law applies in tort cases,[29] the Texas Legislature has enacted legislation to govern choice of law in some respects. Section 71.03 of the Texas Civil Practice and Remedies Code is such a codification.[30] It provides in pertinent part:

---

[27] Spence v. Glock, 227 F.3d 308, 311 (5th Cir. 2000) (citations omitted).

[28] See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (holding that federal diversity courts must apply the conflict-of-laws rules of the forum state); Johansen v. E.I. Du Pont de Nemours & Co., 810 F.2d 1377, 1380 (5th Cir. 1987) ("Erie principles require federal diversity courts to apply the conflict of laws provisions of the forum state.") (citations omitted).

[29] Torrington Co. v. Stutzman, 46 S.W.3d 829, 848 (Tex. 2000) (citations omitted).

[30] See Owens Corning v. Carter, 997 S.W.2d 560, 573 (Tex. 1999) (characterizing the "borrowing statute" provisions of section 71.031 as "essentially a codified choice-of-law rule governing the timeliness of actions") (citations omitted); Malone v. Sewell, 168 S.W3d 243, 253 (Tex. App. – Fort Worth 2005, pet. denied) (same) (citations omitted).

10

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action;

(3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place; and

(4) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) Except as provided by Subsection (a), all matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.[31]

The Texas Legislature chose the phrase "within the time provided by the laws" rather than a more specific, more restrictive reference to "limitations." At least one Texas state court has held that the phrase "within the time provided by the laws" in subsection (a)(3) includes both statutes of limitations and

---

[31] TEX. CIV. PRAC. & REM. CODE § 71.031 (emphasis added).

statutes of repose.[32]   Nothing in the context of section 71.031 or its history indicates that the Texas Legislature meant the phrase "within the time provided by the laws" to mean one thing in subsection (a)(2) and another in subsection (a)(3).  Accordingly, under Texas law, a resident plaintiff, such as Hyde, must establish under subsection (a)(2) that his action was instituted in Texas "within the time provided by the laws of [Texas] for beginning the action," and that includes Texas statutes of repose.

Hyde points out that subsection (c) of section 71.031 explicitly states that courts "shall apply the rules of substantive law that are appropriate under the facts of this case"[33] and contends that statutes of repose are substantive, rather than procedural, laws.  Even assuming that is so in this context, subsection (c) directs application of substantive law "as appropriate under the facts of the case,"[34] and this general directive does not override the more specific references in subsections (a)(2) and (a)(3) to "the time provided by the laws."[35]  We conclude

---

[32] Gilcrease v. Tesoro Petroleum Corp., 70 S.W.3d 265, 269 (Tex. App. – San Antonio 2001, pet. denied) ("Both statutes of limitations and statutes of repose serve to limit the amount of time under which suit may be brought, and therefore, we hold a nonresident plaintiff bringing suit under section 71.031 must satisfy not only the statute of limitations, but also the statute of repose 'of the foreign state or country in which the wrongful act, neglect, or default took place.'") (citations omitted).

[33] TEX. CIV. PRAC. & REM. CODE § 71.031(c).

[34] Id.

[35] Id. § 71.031(a)(2),(3).

that even if the Roche defendants' wrongful acts occurred in New Jersey or another state, in order to prevail in the Texas action, Hyde would nevertheless be required to establish that his Texas suit was filed within the time permitted under the Texas statute of repose for products liability actions, which is section 16.012(a) & (b) of the Texas Civil Practice and Remedies Code.[36]

Hyde asserts that section 71.031 does not apply to his claims because its application is limited to "some assertion of a statutory claim subject to that specific provision," citing Beatty v. Isle of Capri Casino, Inc.,[37] which in turn relied on the Texas Supreme Court's decision in Gutierrez v. Collins.[38]  The Gutierrez decision construed the 1973 version of a predecessor statute,[39] former article 4678,[40] and held that its directive to apply the Lex loci delicti rule was

---

[36] Tex. Civ. Prac. & Rem. Code § 16.012(a),(b).

[37] 234 F. Supp.2d 651, 656 n.3 (E.D. Tex. 2002) ("It is important to note that Plaintiff has not plead a statutory cause of action under § 71.031.  Rather, Plaintiff's claims are based in common law tort.  Therefore, the Court cannot characterize Plaintiff's cause of action as a 71.031 claim absent a pleading designating it as such.  This brings any application of 71.031 into question because using the choice of law provisions in 71.031 is permissive in common law cases." (citations omitted)).

[38] 583 S.W.2d 312 (Tex. 1979).

[39] Id. at 313.

[40] The 1973 version of former article 4678 provided:

Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the

13

"mandatory only in statutory causes of action, such as a suit brought under the Wrongful Death Statute" and that "in a common law cause of action . . . the statute is merely permissive; that is, it authorizes one to bring suit in Texas, but does not dictate any conflict of laws rules to be applied by the court."[41]

The Texas Legislature has since made significant changes in the law. Currently, the wrongful death provisions are contained in subchapter A of chapter 71 of the Texas Civil Practices and Remedies Code, entitled "Wrongful Death."[42] Chapter 71 is entitled "Wrongful Death; Survival; Injuries Occurring Out of State."[43] The survival statute is now codified in subchapter B, which is, appropriately, entitled "Survival."[44] Section 71.031 is found in subchapter C, which is entitled "Death or Injury Caused by Act or Omission Out of State."[45] The structure of Chapter 71 reflects that section 71.031 is independent of the wrongful death and survival statutes, and by its terms section 71.031 applies to all personal injury claims in which "the wrongful act, neglect, or default causing

---

courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure.

[41] 583 S.W.2d at 314.

[42] TEX. CIV. PRAC. & REM. CODE §§ 71.001 et seq.

[43] Id. § 71.001.

[44] Id. §§ 71.021 et seq.

[45] Id. § 71.031.

the death or injury takes place in a foreign state or country" regardless of whether the claims are statutory or common-law claims.[46]

In 1999, the Supreme Court of Texas considered the legislative history of section 71.031, particularly the 1997 amendments, in Owens Corning v. Carter.[47] Although the court was primarily focused on section 71.031(a)(3) and its application to asbestos plaintiffs who resided in Alabama but had filed suits in Texas courts, the court confirmed that subsections (a)(2) and (a)(3) of section 71.031 "appl[y] to all personal injury and wrongful death actions."[48] Section 71.031 is not limited in its application to wrongful death or survival claims. Accordingly, even if it were determined that the Roche defendants' wrongful acts, neglect or default occurred in New Jersey, the Texas statute of repose is applicable to a suit maintained in Texas.

If Hyde were permitted to pursue his claims in New Jersey state court, it seems unlikely that the Texas statute of repose would be applied in light of the New Jersey Supreme Court's refusal to apply Georgia's statute of repose in Gantes.[49] In that case, the court conducted a choice-of-law analysis in order to determine whether Georgia's 10-year statute of repose would apply to the

---

[46] Id.

[47] 997 S.W.2d 560, 565-66 (Tex. 1999).

[48] Id. at 571.

[49] 679 A.2d at 106.

15

plaintiff's products-liability claim. The plaintiff's decedent was killed in Georgia by a machine manufactured and sold in New Jersey, and the complaint was otherwise governed by Georgia substantive law.[50] Applying a governmental interests choice-of-law analysis, the New Jersey Supreme Court refused to apply Georgia's statute of repose because of New Jersey's "strong interest in encouraging the manufacture and distribution of safe products for the public" and "deterring the manufacture and distribution of unsafe products within the state."[51] The court also found it "significant . . . that New Jersey does not have a statute of repose that qualifies or limits the liability of manufacturers."[52] The court concluded that New Jersey's interests outweighed Georgia's interest in applying Georgia's statute of repose and compensating its resident plaintiffs.

The Roche defendants' defense based on section 16.012 of the Texas Civil Practice and Remedies Code[53] is potentially stripped, just as the defense in Elboar was potentially stripped.[54] We need not resolve Hyde's open courts

---

[50] Id. at 107, 114-15.

[51] *Id.* at 111-12.

[52] Id. at 112.

[53] TEX. CIV. PRAC. & REM. CODE § 16.012(a),(b).

[54] Elbaor, 279 F.3d at 318.

challenge to section 16.012 under the Texas constitution[55] or whether Hyde comes within the exception to the Texas statute of repose.[56] Because the Roche defendants have established legal prejudice, the district court abused its discretion in granting Hyde's voluntary motion to dismiss without prejudice.

\* \* \* \* \*

We VACATE the district court's order dismissing this case without prejudice and REMAND for proceedings consistent with this opinion.

---

[55] TEX. CONST. art. I, § 13; but see Burlington N. & Sante Fe Ry. Co. v. Poole Chem. Co., 419 F.3d 355, 360-61 (5th Cir. 2005) (holding that TEX. CIV. PRAC. & REM. CODE § 16.01 does not violate the Texas constitution's open courts provision).

[56] See Elbaor, 279 F.3d at 319 ("[T]he Elbaors' potential ability to plead around the statute of limitations is irrelevant.").

17