**REVISED May 3, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11216

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2017

Lyle W. Cayce
Clerk

EDWARD BURDETT,

 Plaintiff - Appellant,

v.

REMINGTON ARMS COMPANY, L.L.C.; SPORTING GOODS
PROPERTIES, INCORPORATED,

 Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH and HAYNES, Circuit Judges, and JUNELL, District Judge.[*]

JUNELL, District Judge:

 Edward Burdett was injured while hunting in Texas when his rifle suddenly discharged, firing a bullet through his foot. He sued, alleging five products liability claims and one claim under the Texas Deceptive Trade Practices-Consumer Protection Act. The district court entered a summary

---

[*] District Judge of the Western District of Texas, sitting by designation.

judgment in favor of Remington Arms Company, LLC and Sporting Goods Properties, Inc. For the reasons explained below, we AFFIRM.

I.

During a hunting trip, Burdett was sitting in a friend's pickup truck when his Remington Model 700 rifle suddenly discharged, sending a bullet through his left foot. The rifle was designed, manufactured, and assembled by Remington Arms Company, LLC (Remington)[1] and Sporting Goods Properties, Inc. (SGPI)[2] in Ilion, New York, where Burdett argues the conduct causing the injury occurred. Burdett purchased the rifle in approximately 1998 from a reseller in Georgia. Burdett is a resident of both Texas and Georgia.

Burdett filed suit on December 22, 2015, in the Dallas division of the Northern District of Texas. He alleged five products liability claims, one of which fell under a Georgia statute, and one claim under the Texas Deceptive Trade Practices-Consumer Protection Act. Remington and SGPI filed a motion for summary judgment. Therein, they argued Burdett's claims were time-barred by the Texas statute of repose, which provides that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b). The statute of repose begins running when the product is first sold by the manufacturer. The

---

[1] For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). In the district court, the allegations of citizenship did not provide the citizenship of Remington's members. In response to an inquiry by this court, the parties provided a joint letter establishing that, based on the citizenship of each of Remington's members, Remington is a citizen of Delaware and North Carolina. Pursuant to 28 U.S.C. § 1653, we elect to treat this letter, agreed upon by all parties and further confirmed at oral argument, as an amendment to the pleadings of citizenship. We conclude, therefore, that jurisdiction is proper in the federal courts.

[2] At some point, Remington Arms Company, Inc., changed its name to Sporting Goods Properties, Inc.

parties have been unable to provide the date the rifle was first sold, but Burdett acknowledges that he purchased the rifle no later than 1998.

Burdett countered that New York, rather than Texas, law applies and thus his claims were not time barred. Unlike Texas, New York does not have a statute of repose. *See Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423 (S.D.N.Y. 2013). Burdett took issue with § 71.031 of the Texas Civil Practice and Remedies Code, arguing that it does not apply to actions filed in federal court and is not a choice of law provision. Section 71.031 provides:

> (a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
>
> > (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;
> >
> > (2) the action is begun in this state within the time provided by the laws of this state for beginning the action;
> >
> > (3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place; and
> >
> > (4) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

TEX. CIV. PRAC. & REM. CODE § 71.031(a)(1)–(4). The district court disagreed with Burdett and held that § 71.031 is a codified choice of law provision warranting application of Texas law and Texas's 15-year statute of repose. The court computed the 15-year deadline by using the date of rifle's sale in 1998. Given that Burdett commenced the instant suit more than 15 years from the

date he purchased the rifle in 1998, the court granted Remington and SGPI's motion for summary judgment. Burdett appealed.

## II.

A district court's decision on choice of law questions and motions for summary judgment is reviewed *de novo*. *Railroad Mgmt. Co. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 221–22 (5th Cir. 2005). A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists. *Ingalls Shipbuilding v. Federal Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005). The parties do not dispute that Texas choice of law rules apply in this case.

## III.

The issue on appeal is whether the district court properly applied Texas's choice of law rules, which is dependent upon whether § 71.031(a) of the Texas Civil Practice and Remedies Code is a choice of law provision and whether the statute applies in federal court. An analysis of this court's prior decision in *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007) resolves this issue.

*Hyde* involved a products liability action that was removed to federal court based on diversity jurisdiction. In determining what state's laws applied, we stated that "[w]hile as a general proposition, Texas applies the 'most significant relationship' test in sections 6 and 145 of the Restatement (Second) of Conflict of Laws in determining what law applies in tort cases, the Texas Legislature has enacted legislation to govern choice of law in some respects. Section 71.03 of the Texas Civil Practice and Remedies Code is such a codification." *Id.* at 511.

In so holding, the *Hyde* court considered the Supreme Court of Texas's characterization of § 71.031 in *Owens Corning v. Carter*, 997 S.W.2d 560 (Tex. 1999). *Cf. Barfield v. Madison Cty.*, 212 F.3d 269, 271–72 (5th Cir. 2000)

("When adjudicating claims for which state law provides the rules of decision, we are bound to apply the law as interpreted by the state's highest court."). There, the Texas court stated that the borrowing statute provisions[3] of § 71.031 are "essentially a codified choice-of-law rule governing the timeliness of actions." *Owens Corning*, 997 S.W.2d at 573. Accordingly, both this court and the Supreme Court of Texas have concluded that § 71.031 is a codified choice of law provision. Absent *en banc* reconsideration of this issue, we are bound by our precedent in *Hyde*. *See United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002).

Burdett next asserts that § 71.031 does not apply in federal court. He argues the plain language of the statute makes clear it was only meant to apply to state courts. In *Hyde*, we applied § 71.031 to a proceeding in federal court and held that "under Texas law, a resident plaintiff . . . must establish under subsection (a)(2) that his action was instituted in Texas 'within the time provided by the laws of [Texas] for beginning the action,' and that includes Texas statutes of repose." 511 F.3d at 511–13. Because, we are bound by our previous decision, Burdett's assertions are unavailing.

## IV.

Having established that § 71.031 is a choice of law provision that applies in both state and federal courts, we turn now to the district court's application of the statute to Burdett's case. An analysis of § 71.031 demonstrates the result is the same regardless of whether Burdett is considered a resident of Texas or Georgia. If the plaintiff is a resident of a foreign state, he may bring suit in Texas if he satisfies the first three requirements under § 71.031(a); a

---

[3] Section 71.031(a)(3) is known as the borrowing statute. "[S]ection 71.031(a)(3) 'borrows' another state's statute of limitations such that a foreign plaintiff whose cause of action for personal injury or wrongful death arose in a foreign state with a shorter limitations period than Texas's must file within the limitations period prescribed by that state's law." *Owens Corning v. Carter*, 997 S.W.2d 560, 566 (Tex. 1999).

Texas resident need only satisfy the first two. TEX. CIV. PRAC. & REM. CODE § 71.031(a)(1)–(3).

If Burdett was considered a resident of Georgia, the only difference would be that both Texas and New York law would apply. As New York does not have a statute of repose, the only dispute between the parties is whether the action was timely filed pursuant to §71.031(a)(2), a requirement that must be satisfied regardless of whether Burdett is considered a resident of Texas or Georgia.

Texas's statute of repose provides that a products liability action must be initiated "before the end of 15 years after the date of the sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b). The statute of repose begins running when the product is first sold by the manufacturer.

As previously mentioned, the parties are unaware of the date Remington first sold the rifle. However, given that Burdett purchased it from a retailer in Georgia in approximately 1998, the date of the rifle's first sale was undoubtedly prior to 1998. Even assuming the rifle was first purchased in 1998, Burdett had until 2013 to initiate his products liability suit. Yet, Burdett did not commence this action until 2015, which was more than fifteen years from the date of the sale of the rifle. Accordingly, Burdett's claims were time barred, and by his own admission, there is no genuine issue of material fact. Thus, we affirm the district court's entry of summary judgment.

AFFIRMED.