# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10330

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2018

Lyle W. Cayce
Clerk

ROSALIND WARREN,

      Plaintiff - Appellant

v.

BANK OF AMERICA, N.A.; MERSCORP, INCORPORATED; SAFEGUARD PROPERTIES, INCORPORATED; BAC HOME LOANS SERVICING, L.P.; SAFEGUARD PROPERTIES MANAGEMENT, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1373

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

      Rosalind Warren sued her bank and its property management company after they foreclosed on her home and changed the locks. Because Warren was a tenant at sufferance and the bank was the true owner, Warren fails to state

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10330

a claim on the three causes of action she pursues on appeal: trespass, wrongful eviction, and invasion of privacy. Accordingly, we AFFIRM.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Warren and a co-borrower purchased a property in Grand Prairie, Texas. In order to buy the property, they executed a promissory note which was secured by a deed-of-trust lien. The note was ultimately assigned to Bank of America, N.A. ("BANA"). Warren defaulted and failed to cure the default. BANA foreclosed and purchased the property at a foreclosure sale in January 2016.

Warren alleges that after the foreclosure sale, she informed BANA on March 7, 2016, that she was occupying the property. Then, on about April 1, 2016, the property management company for BANA, Safeguard, allegedly changed the locks, removed her window coverings, and raised the blinds without any prior notification. Though Warren was not home at the time,[1] the property contained some of Warren's personal possessions, including private medical and financial records. Six days later, Warren requested in writing that BANA remove the locks. It never did.

Warren filed this suit a few weeks later. After amending her complaint a few times, she asserted claims for wrongful foreclosure, unlawful lockout, trespass, invasion of privacy by intrusion on seclusion, negligence, and negligent hiring. She named BANA, BAC Home Loan Servicing, L.P.,[2] MERSCORP, Inc. ("MERSCORP"), Safeguard Properties, Inc., and Safeguard

---

[1] Warren does not allege where she was when the home was re-keyed. But she "did not become aware of the lockout until April 6, 2016"—five days after she believes the house was re-keyed. The only inference is that Warren was not at the home when it was re-keyed.

[2] In its briefing below, BANA explains that it is a successor in interest to BAC Home Loan Servicing, L.P. We make no further mention of BAC Home Loan Servicing, L.P., treating it and BANA as the same entity for purposes of this appeal.

No. 17-10330

Properties     Management,     L.L.C.     ("Safeguard"),[3] as defendants.     The defendants removed the lawsuit to federal court.[4]

The defendants moved to dismiss Warren's claims in her third amended petition.     The motions to dismiss were referred to a magistrate judge, who recommended dismissing some of Warren's claims and dismissing MERSCORP entirely.     The magistrate judge also recommended denying the motion as it applied to Warren's claims for trespass, invasion of privacy, and unlawful lockout (which the magistrate judge construed as claims for wrongful eviction and conversion) against the remaining defendants.     The magistrate judge reasoned that there was a tenant-at-sufferance relationship between Warren and BANA, the purchaser at the foreclosure sale.     As Warren was a tenant at sufferance, she was in possession of the property until BANA implemented proper eviction procedures under the Texas Property Code.     The magistrate judge concluded that BANA could potentially be held liable for Safeguard's actions because Safeguard acted under its direction.[5]

---

[3] In her original petition, Warren misidentified Safeguard Properties, Inc., as a defendant, but Safeguard Properties Management, L.L.C., which is the intended and correct defendant, appeared on behalf of the misidentified party.     In her third amended petition, Warren added Safeguard Properties Management, L.L.C., as a party.     The     lower     court analyzed the claims asserted against both Safeguard entities as being against Safeguard Properties Management, L.L.C.     Accordingly, we do the same.

[4] On appeal, we requested the parties to brief whether subject matter jurisdiction was proper.     When the defendants removed, they made a common mistake in pleading diversity jurisdiction.     They stated that Safeguard was "a limited liability company formed under the laws of the State of Delaware with a principal place of business located in Valley View, Ohio." That information is insufficient to plead diversity jurisdiction because the citizenship of an LLC is determined by the citizenship of its members, not its principal place of business.     *See Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 734 n.1 (5th Cir. 2017); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Safeguard filed an affidavit with our court, as it is permitted, that established that its members are citizens of Delaware and Ohio only.     *See* 28 U.S.C. § 1653; *Burdett*, 854 F.3d at 734 n.1.     Warren, a Texas citizen, has not contested the affidavit, and we are thus satisfied the parties are diverse.

[5] Warren did not object to the magistrate judge's recommendation, which the district court accepted in part.     On appeal, she has not argued any point with respect to the claims the magistrate judge recommended dismissing.     "Although we liberally construe briefs of pro

No. 17-10330

Safeguard objected to the magistrate judge's recommendations concerning wrongful eviction, conversion, trespass, and invasion of privacy. Its primary argument was that Warren had no legally cognizable property interest in the real property and, therefore, Safeguard could not be liable for those torts. The district court agreed with Safeguard's point, relying on our unpublished decision in *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x. 355, 358 (5th Cir. 2016) (per curiam) ("A tenant at sufferance has neither legal interest nor insurable interest in the property."). It then stated that Warren "cannot state a claim for unlawful lockout/wrongful eviction, trespass, or invasion of privacy"; the district court did not mention the conversion claim that the magistrate judge had implied for Warren. It dismissed all of Warren's claims against Safeguard and sua sponte dismissed the claims against BANA.

Warren timely appealed and now challenges the district court's dismissal of her claims for wrongful eviction, trespass, and invasion of privacy against BANA and Safeguard.[6]

## II.    STANDARD OF REVIEW

We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6). *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422,424 (5th Cir. 2014) (per curiam) (quoting *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d

---

se litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Warren therefore waived all the issues related to those claims. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("As a general rule, a party waives any argument that it fails to brief on appeal."). We therefore affirm dismissal of MERSCORP, Inc., from the suit, and dismissal of the claims for wrongful foreclosure, negligence, and negligent hiring.

[6] Though Warren mentions the never-pleaded conversion claim in passing in her briefing before this court, she fails to adequately brief the claim. Again, even pro se litigants must brief their arguments to the court. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Consequently, any such claim is also waived. *See Whitfield*, 590 F.3d at 346; *Grant*, 59 F.3d at 524.

624, 630 (5th Cir. 2014)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   ANALYSIS

Texas law applies to this diversity case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).   We apply Texas law "as interpreted by the state's highest court." *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 391 (5th Cir. 2014) (quoting *Barfield v. Madison Cty.*, 212 F.3d 269, 271–72 (5th Cir. 2000)). We must use our "best judgment" to determine how that court "would resolve the issue if presented with the same case." *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (quoting *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009)).   Where the intermediate courts of Texas have decided an issue, we defer to their judgment "unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (quoting *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland*, 524 F.3d 676, 678 (5th Cir. 2008)).

The parties do not dispute that Warren lawfully possessed the home before BANA foreclosed on it.   Nor do they dispute on appeal that as a result of the foreclosure, BANA is now the rightful legal owner.   Consequently, the right to possess the property transferred from Warren to BANA, though Warren still maintained actual possession of the home. *See Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("Foreclosure transfers title from the debtor to another party, but it does not put the new owner in possession; it gives [the new owner] a right to possession.").   When a foreclosed debtor clings to possession of a foreclosed property, the debtor becomes a tenant at sufferance, particularly where, as here, the deed of trust so provides. *See, e.g., Coinmach*

No. 17-10330

*Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 916 (Tex. 2013); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.— Houston [14th Dist.] 2015, no pet.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd).

Because Warren was a tenant at sufferance and BANA was the true owner, Warren fails to state a claim on the three causes of action she pursues on appeal.

First, Warren has no claim for trespass. "Trespass to real property is an unauthorized entry upon the land of another, and may occur when one enters— or causes something to enter—another's property." *Barnes v. Mathis*, 353 S.W.3d 760, 764 (Tex. 2011). Just a few years ago, the Texas Supreme Court cited approvingly its much older statement of the tort: "[A] trespasser [is] 'one who, not having the title to land, *without the consent* of the true owner, makes entry thereon.'" *Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 420–21 (Tex. 2015) (quoting *Pilcher v. Kirk*, 55 Tex. 208, 216 (1881)); *see also Coinmach Corp.*, 417 S.W.3d at 920 (noting that tenants at sufferance have "no remaining legal or possessory interest" in the property). Because a rightful owner has title to the land and implicitly consents to his own entry, he cannot trespass on his own property.[7]

Second, Warren has no claim for wrongful eviction. To sue for damages for being wrongfully evicted from residential premises, a plaintiff must allege

---

[7] The fact that Safeguard and BANA indisputably had ownership and authorization to enter the property makes this case different from *Russell v. American Real Estate Corp.*, 89 S.W.3d 204, 208 (Tex. App.—Corpus Christi 2002, no pet.). In *Russell*, a property management company locked out a tenant at sufferance. But, critically, the owner of the property had told the management company that if anyone occupied the home, then the management company should not re-key the home and instead should leave an eviction notice. *Id.* at 209 & n.4. Without authorization to enter the premises from the owner, the property management company was effectively trespassing. Because *Russell* addressed facts materially different from those presented here, we need not analyze it further.

6

that he was a tenant under a lease. *See* Tex. Prop. Code § 92.001 (defining "tenant" to mean "a person who is authorized by a lease to occupy a dwelling to the exclusion of others and . . . who is obligated under the lease to pay rent"); *id.* § 92.0081 (restricting landlord's actions only against "tenants"); *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.) (including "existence of an unexpired contract of renting" as an element of wrongful eviction suit for damages).[8]  Recent Texas Court of Appeals opinions reflect this approach. *See Hill v. Wells Asset Mgmt., Inc.*, No. 05-15-00096-CV, 2016 WL 4039256, at *2 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op.) (holding that wrongful eviction claim fails for lack of a lease); *Deubler v. Bank of New York Mellon*, No. 07-13-00221-CV, 2015 WL 3750312, at *8 (Tex. App.—Amarillo June 15, 2015, pet. denied) (mem. op.) (holding that tenant at sufferance could not bring a wrongful eviction claim).  Warren has not alleged that any lease existed.  Warren therefore failed to state a claim for wrongful eviction.

Third, Warren has not stated a claim for invasion of privacy.  Invasion of privacy has two elements: "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).  As discussed above, Warren had no legal right to be at the property, while BANA and Safeguard did.  A trespasser on someone else's property is not in a place of "solitude" or "seclusion," nor are

---

[8] The Texas Supreme Court does not appear to have yet recognized a common law cause of action for wrongful eviction from a residential property. *Cf. Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005) (citing the Texas Property Code when referring to a wrongful eviction claim).  The case we cite for the elements of "wrongful eviction" was in the context of a residential lease, and it preceded the Texas Property Code provisions on which wrongful eviction claims are now based.  We need not decide whether a common law cause of action existed, or to what extent the Texas Property Code abrogated the common law; at the very least, a lease is a necessary element to recovery under either.

her "affairs" there "private," at least relative to the rightful owner in these circumstances. *Id.* BANA and Safeguard cannot be held liable for invasion of privacy for entering BANA's property. *See Hawkins v. Groom*, 893 S.W.2d 123, 125 (Tex. App.—Eastland 1995, no writ) (holding that defendant cannot invade privacy when he has legal authorization to enter a private place); *Buchanan v. Compass Bank*, No. 02-14-00034-CV, 2015 WL 222143, at \*5 (Tex. App.—Fort Worth Jan. 15, 2015, pet. denied) (mem. op.) (holding that bank did not invade privacy by removing personal belongings from foreclosed home and placing them on the street). Warren fails to state a claim for invasion of privacy.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

8