# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 19-20735
Summary Calendar

Ali Yazdchi,

*Plaintiff—Appellant*,

*versus*

Mercedes Benz USA, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-29

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ali Yazdchi appeals the district court's grant of summary judgment in favor of Mercedes Benz USA, L.L.C. ("MBUSA"), the dismissal of his products liability action, and the denial of his motion for a new trial. Yazdchi contends that the district court erred by concluding that his suit was barred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

by the Texas statutes of repose and limitations, as the 15-year statute of repose is inapplicable where the vehicle was leased before he purchased it in 2009 and he filed suit within the two-year statute of limitations. Because there is no error in the district court's grant of summary judgment in favor of MBUSA or denial of the motion for a new trial based on the statute of repose, we do not reach the statute of limitations question.

We review the grant of a motion for summary judgment de novo. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review the denial of a motion for a new trial under Federal Rule of Civil Procedure 59(e) for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

With certain exceptions, "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b). The clock begins to run "when the product is first sold by the [defendant]." *Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017).

The evidence in the record is that MBUSA first sold the vehicle prior to August 16, 1999. The 15-year statute of repose would therefore bar Yazdchi's suit, as it was filed, at the earliest, in December 2018. Yazdchi contends that he purchased the previously leased vehicle in 2009, but the only relevant date is when MBUSA sold the vehicle, not when Yazdchi acquired the vehicle. *See Burdett*, 854 F.3d at 735. While the statute of repose applies only to sold, not leased, products, *see* § 16.012(f), the evidence in the record shows that MBUSA sold the vehicle to a dealership in 1999. There is

nothing to demonstrate, as Yazdchi claims, that the vehicle was ever leased, and whether or not MBUSA leases vehicles in general is irrelevant as to the question of whether MBUSA specifically leased *this* vehicle.  Yazdchi's statement that the vehicle was leased by MBUSA, in the absence of any evidence in support, is insufficient to create a genuine issue of material fact. *See Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a).

AFFIRMED.