# United States Court of Appeals for the Fifth Circuit

No. 19-20412

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2021

Lyle W. Cayce
Clerk

Jake Anthony English,

*Plaintiff—Appellant*,

*versus*

Aramark Corporation; Aramark Correctional Services, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1585

Before Haynes, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, Jake Anthony English, Texas prisoner # 01222980, appeals the district court's judgment. English sued Aramark Corporation and Aramark Correctional Services, L.L.C. (collectively, "Aramark") in Texas state court, raising state law claims. Aramark removed the suit to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20412

federal district court under 28 U.S.C. § 1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332(a). The district court assumed removal was proper and resolved the case on the merits. It denied English's motion for continuance, granted Aramark's summary judgment motion, holding that English failed to raise a genuine material fact issue on his claims, and dismissed the entire case with prejudice. English timely appealed.

Although not raised by the parties or the district court, we must first determine whether we have subject matter jurisdiction to consider this appeal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Aramark asserted jurisdiction based upon diversity of citizenship. For federal courts to have jurisdiction under diversity, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business; for an LLC, it is that of any state where its members reside. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

In removing the case to federal court, Aramark alleged that English "is a resident and citizen of Harris County, Texas" and that "Aramark Corporation and Aramark Correctional Services, LLC are organized and existing under and by virtue of the laws of the State of Delaware with their principal place of business in the Commonwealth of Pennsylvania." But it failed to correctly assert the citizenship of Aramark Correctional Services,

L.L.C. by identifying the citizenship of its constituent members, and the district court never addressed the question either.[1]

Thus, on appeal, we requested supplemental briefing on the issue under 28 U.S.C. § 1653, which allows amendment of jurisdictional allegations on appeal. Under § 1653, parties may remedy incorrect statements about jurisdiction that actually exists by moving to amend their filings. *Howery*, 243 F.3d at 919–20. However, "if there is no evidence of diversity on the record, we cannot find diversity jurisdiction, and we must dismiss the action for lack of jurisdiction." *Id.* at 920.

In its response to our request, Aramark alleged, for the first time, that Aramark Correctional Services, L.L.C.'s only member is Aramark Services, Inc., which is a Delaware corporation with its principal business in Pennsylvania.[2] Aramark ignored our directive, citing no evidence in the record to support its new allegation (we found none) and failing to explain

---

[1] The amount in controversy satisfied the jurisdictional amount, as English sought up to $100,000 in damages.

[2] Aramark did not move to amend any of its filings to correct the defective allegation of jurisdiction, and English did not file a supplemental brief addressing jurisdiction and accepting Aramark's response. If either had occurred, we may have had a closer question of whether diversity jurisdiction exists. *See Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 475 n.4 (5th Cir. 2018) (per curiam) (holding that a party's affidavit filed with our court under § 1653 sufficiently established citizenship of its members even though its notice of removal had failed to plead its citizenship); *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (accepting the plaintiff LLC's supplemental brief on appeal that stated its members' citizenship as establishing diversity because the defendant's supplemental brief did not contest the LLC's citizenship); *Burdett v. Remington Arms Co.*, 854 F.3d 733, 734 n.1 (5th Cir. 2017) (treating a jointly filed letter in our court as an amendment to the pleadings of citizenship under § 1653 and holding that diversity jurisdiction existed even though the plaintiff failed to properly allege the citizenship of the defendant LLC's members in district court); *but see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315–16 (5th Cir. 2019) (explaining that "our decades-long interpretation [of] § 1653 does not allow us to receive new evidence of jurisdictional facts").

No. 19-20412

why not.  Under these circumstances—"where jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists"—the appropriate course is to remand the case to the district court for amendment of the jurisdictional allegations and supplementation of the record.[3] *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228–29 (5th Cir. 1989) (per curiam); *see also Midcap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019).

Accordingly, we ORDER a limited remand to the district court to determine whether it has diversity jurisdiction, and we DENY as moot English's motion to file a supplemental brief.  The Clerk of this court shall provide the district court with copies of our March 23, 2021, request for supplemental briefing, Aramark's response, and this opinion.  We will retain the record unless it is requested by the district court.  If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court.  Upon return to this court no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the

---

[3] We have, in one instance, proceeded to the merits when we were confident that diversity jurisdiction existed even though a party's citizenship was unclear from the record. *Kaufman v. W. Union Tel. Co.*, 224 F.2d 723, 725 (5th Cir. 1955) (holding that diversity jurisdiction most likely existed because an encyclopedia provided the citizenship of the corporate party, proceeding to the merits, but requiring the parties to file an appropriate amendment to our court within ten days of the decision to confirm jurisdiction).  However, that case is distinguishable because we could have judicially noticed the relevant jurisdictional fact. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015); *see also MidCap*, 929 F.3d at 315 (indicating that we could "take judicial notice" of one LLC's members "based on the public tax filings *in its exhibits*" (emphasis added)).  No such judicially noticeable fact exists here.

No. 19-20412

Clerk of this court. The case will be returned to this panel for disposition. If the district court concludes that it lacks jurisdiction, it should remand the case to the state court.